## Horace Goodrich & another *vs.* Allen S. Yale.

A judgment for the plaintiff in an action on a bond whereby the defendant was bound to the plaintiff to abstain from all injuries to the plaintiff's property, is a bar to a subsequent action of tort by the same plaintiff against the same defendant for particular injuries to the property committed between the time of giving the bond and the time of beginning the former action; and this, although the judgment in the former action was for a specific sum assessed as damages and so did not conform to Gen. Sts. *c.* 133, §§ 9, 10.

Tort for interrupting the flow of water from the plaintiffs' reservoir on Marsh Brook in Stockbridge to the plaintiffs' mill on the same stream, between June 30, 1859, and December 7, 1860, on which latter day they sold their reservoir and mill to Marshall Brace, who was the plaintiff in an action against this defendant to recover damages for similar obstructions subsequent to December 7, 1860, reported 10 Allen, 441.

At the trial of the present action in the superior court, before *Brigham,* J., a verdict was found for the plaintiffs by direction of the court; and the defendant excepted, among other things, to a ruling of the judge excluding the record of a previous action brought by these plaintiffs against this defendant, and excluding also the bond of the defendant which was in suit therein which record and bond the defendant offered as evidence in bar of the present action. The facts are sufficiently stated in the opinion of the court.

*H. W. Bishop & M. Wilcox,* for the defendant, cited *Norton* v. *Doherty,* 3 Gray, 372; *Bendernagle* v. *Cocks,* 19 Wend. 207, and cases cited; *Parkhurst* v. *Sumner,* 23 Verm. 538; *Wheeler* v. *Van Houten,* 12 Johns. 311; *Smith* v. *Johnson,* 15 East, 213; *Bagot* v. *Williams,* 3 B. & C. 235; Gen. Sts. *c.* 133, §§ 9, 10.

*I. Sumner & J. E. Field,* for the plaintiffs.

Chapman, J. It appears that for some time prior to December 7, 1860, the plaintiffs were owners of a water mill on Marsh Brook, in Stockbridge, and of a dam which was situated a considerable distance above the same. From this dam they derived the water to run their mill. In the present action they allege that from June 30, 1859, to December 7, 1860, the defendant so

wrongfully stopped, let off, managed and controlled the water of the stream above their mill, by .neans of a dam, gates and fixtures, as to interrupt the stream as it came from the plaintiffs' dam, and thereby injured their mill.

The defendant proves that on October 4, 1849, he executed a bond to the plaintiffs, with surety, in the sum of five hundred dollars. The condition recites that he had been guilty of malicious mischief to their mill, machinery, dams and other property, and its substance is that, among other things, he will abstain from all trespasses, injuries and annoyances to their property, and from all unlawful acts which shall in any wise tend to molest, disturb or injure them. On December 7, 1860, they sold their mill, and on January 2, 1863, they brought an action of contract on their bond, in which they alleged that the defendant had, on divers days and times between the day of executing the bond and the day of bringing the action, caused the water to flow by raising the gates of their dam, and turned it off by shutting the gates, and thus molested and disturbed the plaintiffs in the use of their property and the use of their mill. In that action the defendant was defaulted, and assessors were appointed to assess damages. They made a report, assessing damages at one hundred and twenty-five dollars. Their report was accepted, and judgment was rendered for that sum and costs. Execution was issued December 11, 1863.

The defendant contends that the judgment thus rendered is a bar to the present action. The plaintiff denies this, because he says that he did not recover all the damages to which he was entitled, and because the judgment was not regularly rendered.

As to the damages, it appears that the assessors were directed, in the order to them, to assess the damages " occasioned to the plaintiffs by raising the gate of the plaintiffs' dam." And the present action alleges other methods by which he disturbed the flow of the water.

But by taking the bond, the plaintiffs obtained the right of election to pursue their remedy upon it, and if they might have brought a separate action of tort for each separate disturbance still they could have but a single action of contract on the bond.

They elected to bring an action on the bond, and in that action they exhausted their remedy. They had a right to prove all that had been done in violation of it; and if the order to the assessors was too narrow, it was because the plaintiffs chose to have it so made, for it must have been made upon their motion. We cannot distinguish the case from *Smith* v. *Way*, 9 Allen, 472. A judgment in one form of action is a bar to an action in another form for the same cause. In the present case it is made more clearly apparent that the two actions are for the same cause, by the fact that the plaintiffs' declaration contains but one count, and it alleges a single continuing tort. It cannot be controverted that this describes the cause of action upon which the former judgment was rendered. But if the writ had contained separate counts for each act of disturbance, the case would still have been within the principle above stated.

As to the judgment, it was not rendered in conformity with Gen. Sts. *c.* 133, §§ 9, 10. These sections provide that judgment shall be entered for the penal sum, and that execution shall issue for so much as is due in equity and good conscience. Sections 11 and 12 provide that if any further sum afterwards becomes due, it may be recovered by *scire facias.* But as the plaintiffs had sold their mill, they could have no claim for future damages, and the judgment was conclusive as to all past damages for violating the condition of the bond. The plaintiffs have no ground to complain of the irregularity, which merely amounts to taking judgment for a less sum than they were entitled to, in a case where the judgment for the whole penalty could have done them no good. The defendant has not complained, nor has the irregularity given him any cause of complaint. The form of the judgment is not so defective as to prevent it from being a par to the present action.

*Exceptions sustained.*