## GEORGE W HUNT *vs.* ISAAC D. TAFT.

In an action before a justice of the peace founded on a demand which could not be the subject of set-off according to law, the defendant declared on a demand in set-off; a hearing was had on the merits of both demands; the justice found a sum due to the plaintiff, and a lesser sum due to the defendant, and gave judgment in favor of the plaintiff for the difference, with costs; and no appeal was taken; execution was not issued; but the defendant paid to the plaintiff the amount of the judgment in satisfaction thereof. *Held*, that there was an accord and satisfaction of the demand in set-off, which was a bar to a subsequent action thereon, notwithstanding the justice's want of jurisdiction.

CONTRACT on an account for seventy-five dollars for rent of a farm for three years; submitted to the judgment of the court on these facts agreed: Before the commencement of this action, this defendant sued this plaintiff in tort before a justice of the peace for the conversion of crops on the farm; in which former action this plaintiff filed a declaration in set-off on an account for one hundred dollars for rent of the farm for four years, including the three years for which rent was claimed in the present action. In the former action, after a hearing on the merits, the justice found that there was due to this defendant, then plaintiff, the sum of seventy-five dollars; and to this plaintiff, then defendant, on his claim in set-off, the sum of twenty-five dollars; and gave judgment for the plaintiff for fifty dollars, and costs, taxed at twenty-one dollars. Neither party appealed; and no execution was issued; but after the commencement of the present action this plaintiff made voluntary payment to this defendant of seventy-one dollars in full satisfaction of the judgment. If upon these facts the plaintiff was entitled to maintain this action, it was agreed that it should be referred to an assessor for the assessment of damages.

*A. A. Putnam*, for the plaintiff, argued that the demand of this defendant in the former action was not such as could be a subject of set-off according to law; and accordingly that the claim of this plaintiff in set-off was beyond the jurisdiction of the justice, and the judgment which he assumed to pass on it was therefore no bar to the present action, the proceeding of an inferior tribunal in an unlawful manner being void, and estoppels

not being favored by the courts; and cited Gen. Sts. *c.* 130 §§ 2, 3, 7; *Minor* v. *Walter*, 17 Mass. 237; *Bigelow* v. *Winsor* 1 Gray, 302; 1 Greenl. Ev. § 530; *Smith* v. *Rice*, 11 Mass. 514 *Cook* v. *Darling*, 18 Pick. 393; *Leicester* v. *Rehoboth*, 4 Mass. 180; *Spooner* v. *Davis*, 7 Pick. 149; *Owen* v. *Bartholomew*, 9 Pick. 527.

*F. Deane*, for the defendant, was not called upon.

WELLS, J. The plaintiff, by his declaration in set-off in the former action, voluntarily submitted his demand for rent to the determination of the magistrate; and procured its deduction from the amount of damages awarded to the other party. He thereby obtained and accepted satisfaction thereof. It is too late for him now to revoke the authority thus given to the tribunal which he then selected. He had the opportunity to correct the error in the proceedings, by an appeal. He chose to acquiesce in the judgment as it was rendered. He cannot in this action take advantage of the irregularity which he has himself occasioned and of which he has had the benefit. *Goodrich* v. *Yale*, 97 Mass. 15. *Brigham* v. *Burnham*, 12 Allen, 97. *Bodurtha* v. *Phelon*, 13 Gray, 413. He may not have received the full amount of his claim, but his right of action is exhausted.

*Judgment for the defendant.*