Neihardt v. Kilmer.

IKE D. NEIHARDT AND C. J. NEIHARDT, PLAINTIFFS IN ERROR, v. HENRY A. KILMER, DEFENDANT IN ERROR.

1. Jurisdiction of justice of peace. A justice of the peace has jurisdiction of an action for the taking and converting of personal chattels of the value of two hundred dollars or under, and is not ousted of such jurisdiction by pleading and proof that defendant took such chattels by virtue of an execution, he being a sheriff.

2. Instructions to jury. However good abstract law may be contained in an instruction prayed for, it is not error in the court to refuse to give it, unless it is applicable to the testimony in the case.

3. ————. When proper and sufficient instructions have been presented by the parties to an action and given to the jury, other instructions on the judge's own motion are quite superfluous and unnecessary.

ERROR to the district court for Seward county. Tried below before POST, J. The action was originally brought by Kilmer against I. D. Neihardt and C. J. Neihardt for the conversion of a corn planter, corn cultivator and a cow, which the latter had levied upon and sold as sheriff and deputy sheriff to satisfy an execution issued on a judgment against Kilmer. The execution sale took place on the 27th of December, 1875. On the 20th day of December Kilmer filed an inventory of all his personal property, claiming the same as exempt under sec. 521 of the code, he being the head of a family and owning no homestead. Appraisers were called and property appraised, and $500 worth set off to Kilmer. Afterwards, on the 27th day of December, the day of sale, the first above described property was claimed by Kilmer as specifically exempt under sec. 530 of the code, in addition to the $500 worth of property appraised and set out to him on the 20th day of December. Kilmer had judgment before the justice and also in the district court on appeal. The defendants before the justice moved to dismiss for want of jurisdiction, and in the district court pleaded want of jurisdiction in the justice, and being de-

feated on these points, came here upon a petition in error, alleging the same, with other matters stated in the opinion, as error, which should cause a reversal of the judgment against them.

*George B. France*, for plaintiffs in error.

The justice had no jurisdiction. If property was exempt, plaintiffs in error, as officers, committed trespass, and that trespass was not the act of mere individuals, but was done *virtute officii*, and was official misconduct in office. *Ohio v. Jennings*, 4 Ohio State, 419. *People v. Schuyler*, 4 N. Y., 173. *Neal v. Killee*, 12 Kan., 247. Cooley on Torts, 395. *Miller v. Roby*, 9 Neb., 471. *Archer v. Noble*, 3 Maine, 418. *Harris v. Hensen*, 11 Maine, 241. If justice had no jurisdiction, then the district court on appeal acquired none. *Nichol v. Patterson*, 4 Ohio, 200. *Glover v. Moses*, 13 Ohio, 322. *Wood v. O'Ferrall*, 19 Ohio State, 427.

*Leese & Lewis*, for defendant in error,

If specific exempt property be wrongfully taken by virtue of legal process, has the injured party any remedy except by suit in the district court for misconduct in office? We claim that there are two remedies against the officer. *First*, Replevin. Laws 1877, p. 10. Thompson on Homesteads, 876. *Second*, Trespass. Maxwell's Justice, 99. Freeman on Executions, 202, 215, 216. Field on Damages, 687, 772, 786. *Miller v. Roby*, 9 Neb., 472. 2 Hill on Torts, 112, 182 and note. *State v. Farmer*, 21 Mo., 160. *State v. Johnson*, 12 Ala., 840. *Van Dresor v. King*, 34 Penn. State., 201. *Mussey v. Cahoon*, 34 Maine, 74.

Cobb, J.

There can be no doubt that, under the authorities, the plaintiff could have brought his action against the sheriff

and his sureties, and by proper averments and proofs made this an action for misconduct in office, and the official sureties of the sheriff would be held for the damages caused by such misconduct. In such case a justice of the peace would not have jurisdiction, the same being prohibited by sec. 907 of the code.

But is the plaintiff restricted to this remedy and consequently to a court of record in which to prosecute it? None of the cases cited go that far. The fact of the defendants being sheriff and deputy sheriff respectively, does not exempt them from the action of trespass, or of trover and conversion. The petition, as the writer understands it, presents a cause of action of the latter designation, as actions at law were formerly known, a cause of action of which a justice of the peace has unquestioned jurisdiction. The defendants come in with their answer, in which they set up certain facts which, if proved, would probably constitute a defense to the action. But it may be safely laid down as a rule, that matters stated in an answer of a defendant in a proceeding in a court of justice, can neither give nor take away the jurisdiction of the court to hear and determine the cause. If the facts set up in their answer by the defendants had been sufficiently proved at the trial to have controlled the verdict of the jury, they would have been entitled to a judgment, but such judgment would not have been one of dismissal for want of jurisdiction in the court to try the cause, but would have been on the merits and final.

In the course of the trial the defendants objected to several different questions put to plaintiff's witnesses, and referring to them, by page of the record, he makes the point that the court erred in allowing the witnesses to answer leading and suggestive questions. By referring to the record we find that in many of the instances there seems to have been no ruling of the court at all on the objections made, and in many others where there was

a ruling, there was no exception thereto, and in all cases where there was a ruling and an exception saved, the objection seems to have been made rather to the form than to the substance, and in no instance do we think there was error in the admission of testimony sufficient to vitiate the verdict.   Plaintiffs in error make the further point that the court ruled out testimony of the defendant that plaintiff below had other cows than the one claimed by him as exempt, as being his only cow.   By reference to this testimony it appears that plaintiff below had testified, on cross-examination by defendants, that certain cows were the produce of a cow bought by his wife with money given her by her mother.   Defendants asked him how much money she gave her.   Witness answered, "I think $25 or $30."

Q.   When was that?

A.   Twelve years ago last fall.

After several further questions and answers, defendants returned to this matter of the amount of money given by the mother-in-law of the witness to his wife, with which she bought the cow, and asked the following question :

Q.   You do not know how much money?

A.   I do not recollect.

Q.   Cannot you refresh your memory and say how much it was?

Plaintiff objects as immaterial.   Objection sustained and defendants except.

The witness, plaintiff below, had already stated the amount at $25 or $30, and had twice stated that he did not remember which.   We cannot see that such difference was at all material, or tending in the least to show that witness himself was the owner of the cows.

And so of the other points in reference to the admission of testimony.

The instructions asked for by plaintiffs in error were properly refused, because not applicable to the testimony in the

case. The evidence is sufficiently conclusive that the plaintiff below claimed the property as exempt from the sheriff; that the plaintiff in execution was apprised of such claim and gave a bond of indemnity, before the sheriff would sell the property.

The last point made by the plaintiff in error is that: "The court erred in neglecting and refusing to instruct the jury in writing on its own motion." We know of no law, or reason, which requires a court, where proper and sufficient instructions have been presented by the parties, and given in charge to the jury, to give other instructions on the judge's own motion, and to give such would be quite superfluous.

Seeing no prejudicial error in the case, the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.