WALTER J. LAMB, TRUSTEE, PLAINTIFF IN ERROR, v. JOHN S. GREGORY, DEFENDANT IN ERROR.

Judgment: RELEASE. The voluntary release of one joint judgment debtor operates as a release of his co-defendant.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Lamb, Billingsley & Lambertson,* for plaintiff in error.

*John S. Gregory, pro se.*

MAXWELL, J.

On the 29th of October, 1879, the plaintiff filed a motion in the district court of Lancaster county, to obtain a deficiency judgment against John S. Gregory and J. H. McMurtry, for the sum of $386.70. Two days thereafter the motion was sustained and judgment rendered as prayed, and execution awarded. At the same term of the court at which the judgment was rendered, McMurtry filed a motion therein, asking to have the judgment set aside as to him, upon the ground of a discharge in bankruptcy. To this motion the following, signed by the plaintiff's attorneys, was appended : " We hereby consent to the setting aside of the judgment against said J. H. McMurtry." The judgment against McMurtry was thereupon set aside. Gregory then filed a motion asking the court to discharge him from liability upon the judgment, because the plaintiff had voluntarily released Mc-Murtry. The hearing on this motion was continued from time to time until the 8th day of November, 1880, when the motion was sustained. The cause is brought into this court by petition in error.

There is no bill of exceptions, and none of the testimony used on the hearing on the motion is before us. The court undoubtedly had authority to modify its own judgment at the term at which it was rendered. This it did by discharging McMurtry with the consent of the plaintiff's attorneys. No question is raised as to the authority of the attorneys to sign such release, and that question is not before the court. The defendant contends that a release of McMurtry operates as a release of both defendants from liability on the judgment. There is nothing in the record, except the motion of McMurtry tending to show that he was released upon the ground of

his discharge in bankruptcy, and the court below seems to have found against such discharge, and that the release was voluntary. The question presented to this court therefore is, what is the effect of a voluntary release of a joint debtor?

Parsons says: "If two or more are jointly bound, or jointly and severally bound, and the obligee releases one of them, all are discharged." 1 Parsons on Contr., 27, and cases cited in note *b*.

In Broom's Legal Maxims, * 675, it is said: "On the other hand, the debtee's discharge of one joint, or joint and several debtor, is a discharge of all; and a release of the principal debtor will discharge the sureties, unless, indeed, there be an express reservation of remedies against them."

That the voluntary release of one joint debtor has the effect to release all, will not seriously be questioned. This is decisive of the case. The plaintiff having voluntarily released McMurtry, the court below did not err in discharging his co-defendant. The judgment is therefore affirmed.

JUDGMENT AFFIRMED.