JAMES S. THOMAS V. NEBRASKA MOLINE PLOW COMPANY.

FILED OCTOBER 20, 1898.   No. 8311.

1. Contracts: PAROL EVIDENCE. In an action between the parties to a valid written contract it is a general rule of evidence that parol testimony touching an antecedent or contemporaneous agreement in relation to the same matter cannot be received to vary, add to, or subtract from the terms of the written instrument.

2. Depositions: PRESUMPTIONS ON APPEAL. Depositions filed in a lower court are presumed, in the absence of proof to the contrary, to have been transmitted to the district court within the time limited by the statute for that purpose.

3. ———: ———: FILE MARK. An objection to the reading of depositions, based on the fact that they did not bear the clerk's file mark showing that they had been filed more than one day before the trial, was properly overruled where it appeared that such depositions had been taken and used in the lower court and had been for a long time among the files of the case in the district court.

4. Trial to Court: EVIDENCE. Where a cause is tried without a jury, it will be presumed that the court considered only competent evidence in reaching a conclusion.

ERROR from the district court of Dawson county. Tried below before NEVILLE, J. *Affirmed.*

*E. A. Cook,* for plaintiff in error.

*William Gaslin, contra.*

SULLIVAN, J.

This action to recover on a promissory note was brought originally in the county court of Dawson county and appealed therefrom to the district court. The defense pleaded and relied upon at the trial was an oral

agreement extending the time of payment. The alleged contract for extension of time was denied by the plaintiff. The agreement which the defendant attempted to establish seems to have been made, if at all, at the time the note was executed and as part of the same transaction. Such being the case, all of the testimony in support of the defense was received in violation of a fundamental rule of evidence, and the court who tried the cause without the aid of a jury was justified in disregarding it. The note itself was the appointed repository and exclusive evidence of the contract between the parties. A variant agreement co-incidently made could not be shown by parol testimony. But if all the evidence produced and received on the trial were competent and entitled to be considered, the finding of the court would still be sustained by sufficient proof.

Depositions taken and filed in the county court while the action was there pending were read in evidence on the trial in the district court over an objection of the defendant grounded on the fact that such depositions did not bear the clerk's file mark showing that they had been filed in his office at least one day before the day of the trial. The depositions had been among the files of the case for months. They had evidently been used on the trial in the county court and were presumably transmitted to the district court by the county judge in performance of the duty imposed on him by law. They were legally filed in the office of the clerk before the issues were joined, although that fact was not evidenced in the usual way. If defendant was entitled to be heard in the district court on exceptions to these depositions, he had ample opportunity to present his exceptions before the day of trial. There is another reason why there is no merit in this assignment of error. The evidence contained in the depositions was in rebuttal of the testimony offered by the defendant to establish a parol contemporaneous agreement modifying the written contract on which the action was predicated. The evidence of the

defendant upon this point being incompetent, that contained in the depositions was immaterial, and, therefore, did not influence the judgment of the court in any degree. These are the only questions argued in the brief of counsel for defendant.    The judgment is

AFFIRMED.