## CHARLES B. STRONG, SHERIFF, V. CHARLES COMBS.

FILED MARCH 18, 1903. No. 12,646.

1. **Action for Damages:** EXEMPT PROPERTY: CODE. . An action against a sheriff to recover damages for the seizure and sale of exempt property under an execution, is not a suit for misconduct in office within the meaning of section 907, Code of Civil Procedure; following *Neihardt v. Kilmer*, 12 Neb. 35.

2. **Sheriff:** CONCEALMENT: DEFENSE. Where the sheriff fails to inform the appraisers, called by him to appraise personal property seized on execution, of a mortgage lien existing thereon, which lien is set forth in the claim made by the defendant in execution that the property is exempt from seizure and sale under the execution, and the appraisement is made without knowledge of such lien on the part of the appraisers and without any allowance being made therefor, the sheriff can not interpose the appraisement so made as a defense to an action brought against him for damages for selling the property, when the amount of the lien, if deducted from the appraisement as made, would reduce the defendant's interest in the property to less than $500.

3. **Instruction:** FACTS NOT IN CONTROVERSY. In instructing the jury, the court may and should assume as established all facts over which there is no controversy.

4. **Request for Instructions:** EXCEPTION. Where one of several instructions asked by a party fails to correctly state the law, error can not be predicated upon an exception taken to the refusal of the court to give the instructions as a whole.

ERROR to the district court for Johnson county: CHARLES B. LETTON, DISTRICT JUDGE. *Affirmed.*

*Ed M. Tracy,* for plaintiff in error.

*Samuel P. Davidson* and *Al N. Dafoe, contra.*

DUFFIE, C.

Combs, the defendant in error, sued the sheriff in the county court for selling his exempt property on execution. The case was removed to the district court on error, where it was retained and tried, and judgment entered against the sheriff for $85 and costs, from which he has taken error to this court.

The facts are as follows: The sheriff levied on certain personal property of Combs under an execution. Combs claimed the property as exempt, and filed an affidavit and inventory under section 522 of the Code of Civil Procedure. Two or three days later he filed with the sheriff an amended inventory for the purpose of claiming two or three articles of personal property which were not included in the first inventory. This was done before an appraisement of the property was made, and the sheriff called appraisers and had all the property included in both inventories appraised. Among other articles claimed as exempt was a threshing machine and engine, which the inventory filed by Combs showed to be incumbered by a mortgage of $1,700. For some reason the attention of the appraisers was not called to the fact that the thresher and engine was mortgaged, and they fixed its value at $1,500; the total appraisement being $1,950; and the defendant's interest therein was less than $500 had allowance been made for the mortgage on the thresher and engine. Notwithstanding this, the sheriff sold certain of the articles claimed as exempt and this suit was brought against him for a conversion of the property.

It is first insisted that this is an action against the sheriff for official misconduct; that the county court where the action was commenced had no jurisdiction of the subject-matter; and that the district court could not acquire jurisdiction by error or appeal.

*Neihardt v. Kilmer,* 12 Neb. 35, was a similar action, and it was there held that a justice of the peace has jurisdiction of an action for the taking and converting of personal chattels of the value of $200 or under, and is not ousted of such jurisdiction by pleading and proof that defendant took such chattels by virtue of an execution, he being a sheriff.

The same principle was reaffirmed in *Spielman v. Flynn,* 19 Neb. 342.

In Freeman, Executions (1st ed.), sec. 215, it is said: "The officer who, after due notice and demand, persists in

taking exempt property, may be proceeded against at law as a trespasser; but he is not liable in this form of action if there was any serious doubt whether the property was exempt, nor if the benefit of exemption or selection was not claimed." Authorities are cited by the author to sustain the text that an action of trespass may be maintained against a sheriff or constable who refuses to recognize the right of a defendant in execution to the possession of his exempt property. These authorities make it clear that the action, as brought, is one for trespass and conversion, and not for misconduct in office.

It is further insisted that the sheriff was bound by the appraisement fixed by the appraisers, and could not therefore release or return the property which he sold. The evidence is clear to the effect that the sheriff was fully aware that the appraisers were not informed of the mortgage existing on the thresher and engine and that the mortgage was not taken into account by them in their appraisement. The fact that he sold the thresher and engine for $5 makes it very clear that he was not attempting to dispose of anything but Comb's equity therein.

Complaint is further made that the court allowed in evidence the second inventory and affidavit made by the defendant in error. While the affidavit attached to the second inventory was not such as the statute required, the sheriff understood and accepted it as a mere correction of the first inventory. It embraced a few articles not set out in the first, and the conduct of the sheriff undoubtedly led the defendant in error to suppose that no objections were made to it on account of any informality. He proceeded to have the property appraised, and conducted himself in such a manner as to lead to the belief that he accepted both inventories as presenting the claim made by the defendant in error for the release of his exempt property as sufficient under the law. Having so treated it at the time, he should not be allowed, on the trial of the case, when damages are sought against him for his refusal to recognize the property as exempt, to take

advantage of informalities which were undoubtedly waived at the time the claim was made.

Complaint is further made of some of the instructions given by the court, and its refusal to give others asked by the plaintiff in error. It is said in reference to one instruction that it assumes facts which should have been left to the determination of the jury. This criticism is without merit. The instruction referred to does not refer to any facts about which there was any dispute or controversy, and the court is not required to submit to the jury a question over which there is no dispute. Of the several instructions asked by the defendant, no particular instruction is selected either in the motion for a new trial or in the petition in error, and complaint made that the court erred in refusing to give it. Exception is taken to the refusal of the court to give these instructions as a whole. The third instruction asked by the plaintiff in error is clearly erroneous. It is to the effect that if the jury finds from the evidence that the plaintiff swore falsely in making his list and affidavit for exemption, the jury were at liberty to disregard all his statements, except in so far as he was corroborated by other credible evidence. We do not understand that this is the law. Where one knowingly testifies falsely to a material fact, then his evidence may be disregarded by the jury upon other matters, unless corroborated, but a witness who inadvertently misstates a fact is not to be discredited and have his whole evidence disregarded because of an innocent mistake. The exception going to the instructions as a whole, and one of them failing to state the law correctly, we are not required to examine the others to ascertain whether some one or more of the balance may have enunciated a correct rule.

We find nothing in the record requiring a reversal of the case, and therefore recommend that the judgment of the district court be affirmed.

AMES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.