BANKING HOUSE OF A. CASTETTER, APPELLEE, V. C. C. ROSE, APPELLANT.

FILED APRIL 4, 1907.   No. 14,742.

Release: JOINT DEBTORS: PLEADING.   The voluntary release of one of two joint makers of a promissory note will release the other. But when an action has been brought against both jointly, and a successful defense has been made by one defendant supported by the evidence of both, and judgment has been entered against the other defendant, upon appeal by such defendant to the district court the action may proceed against him alone, and the petition which alleges all the facts above stated is not subject to demurrer for nonjoinder of defendants.

APPEAL from the district court for Washington county: WILLIS G. SEARS, JUDGE.   Affirmed.

John Lothrop, for appellant.

Jefferis & Howell and Herman Aye, contra.

DUFFIE, C.

The Banking House of A. Castetter, appellee, commenced an action against C. C. Rose and Mrs. Cora Rose, his wife, in the county court of Washington county on a note signed by both defendants. They filed separate answers, the wife in her answer alleging, among other matters of defense, that she was a married woman; that she received no consideration for the note, and did not intend to bind her separate property or estate thereby. On the trial both husband and wife testified to facts fully supporting these allegations of her answer, and thereupon the plaintiff voluntarily dismissed the action as against the wife, and the court gave judgment against C. C. Rose, the husband.   C.

C. Rose appealed to the district court, and in his petition in the district court the plaintiff alleges the foregoing facts as a reason for dismissing Mrs. Rose from the action in the county court and taking judgment against the husband alone. To this petition a demurrer was interposed by the defendant upon the ground, first, that there was a defect of parties defendant, and, second, that the petition did not state facts sufficient to constitute a cause of action against the defendant. This demurrer was overruled, and, defendant electing to stand thereon, judgment was entered against him for the amount due upon the note, and from this judgment he has appealed.

It is insisted by the defendant that, the note being the joint note of himself and wife, the voluntary dismissal of his wife from the action in the county court releases him from liability. It is conceded that the voluntary release of one joint debtor operates as a release of the other. *Lamb v. Gregory*, 12 Neb. 506; *Scofield v. Clark*, 48 Neb. 711. The petition in this case alleges that Mrs. Rose never received any consideratioin for the note in question, and that it was not her intention to bind her separate property or estate; that both she and her husband so testified on the trial in the county court. The demurrer admits that these allegations are true, and, if true, Mrs. Rose was not a joint debtor upon the note. It is conceded by the defendant that, under the pleadings and proof in the case in county court, judgment would have to be rendered in favor of Mrs. Cora Rose; and that, if judgment had been so rendered, the action might have proceeded to judgment against the present defendant. But it is insisted that, until the fact of Mrs Rose's nonliability upon the note was adjudicated and found by the court, her voluntary dismissal from the action by the plaintiff released the defendant. We cannot concur in this contention. We can see no difference between a finding made by the court that Mrs. Rose was not liable on the note, and the admission made of record on the trial in the district court that such was the fact. The solemn admission in his pleadings made

by the defendant is, to our mind, as conclusive of the admitted facts as would be the judgment of the court. The court did not err in overruling defendant's demurrer to the plaintiff's petition and entering judgment for the plaintiff.

We recommend an affirmance of the judgment.

ALBERT, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.