JOSEF KRBEL, SR., APPELLANT, V. LAMBERT KRBEL ET AL., APPELLEES.

FILED APRIL 13, 1908. No. 15,447.

1. **Appeal: PLEADING: REVIEW.** Where both parties to an action treated the case as though affirmative defenses in the answer were denied by a reply and tried the case upon that theory, this court on appeal will treat the case as though such reply had been filed.

2. **Parol Evidence: WRITTEN CONTRACTS.** A written contract cannot be varied or contradicted by parol evidence of a prior or contemporaneous oral agreement between the parties.

3. **Joint and Several Contracts: RELEASE.** Where a contract, joint and several in its form, provides that each of the obligors shall perform certain specific obligations, a release of one of the obligors will not discharge the others from liability on their separate obligations contained in the contract.

4. **Contracts: LIMITATION OF ACTIONS.** Where a written contract provides that the obligors shall furnish certain items annually dur-

ing the lifetime of the obligee, in an action on such contract the statute of limitations may be pleaded as a defense to all items which should by the terms of the contract have been furnished more than five years previous to the commencement of the action.

5. **Infants:** CONTRACTS: DISAFFIRMANCE. In order to avoid liability upon his contract, an infant must disaffirm within a reasonable time after becoming of age.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Reversed.*

*Sullivan & Squires,* for appellant.

*A. M. Robbins* and *N. T. Gadd, contra.*

GOOD, C.

In December, 1894, Josef Krbel, Sr., was the owner of 360 acres of land in Custer county, Nebraska, the title to which was held in trust for him by one Severa. On the 20th of December, 1894, Josef Krbel, Sr., entered into a contract with three of his sons, Josef, Jr., Lambert and Arnold, whereby he transferred to each of said sons certain personal property, and caused deeds to be executed by said Severa conveying to each of said sons 120 acres of land. As a consideration for said personal property and the conveyance of said lands, the said sons executed and delivered to their father the following contract:

"Know all men by these presents: That Josef Krbel, Jr., Lambert Krbel and Arnold Krbel are each severally and individually held and firmly bound unto their father, Josef Krbel, Sr., in the sum of fifteen hundred dollars for the payment of which they each are bound and by these presents firmly bind themselves upon the conditions following: For and in consideration of property and other valuables received the receipt of which is hereby acknowledged, Josef Krbel, Jr., Lambert Krbel and Arnold Krbel each has for himself agreed and they now do by these presents all agree to furnish yearly to their

14

father, Josef Krbel, Sr., and his wife so long as they live and without additional cost to the said Josef Krbel, Sr., or his wife, the following supplies which shall be delivered in good season each year during the continuance. of this contract: 50 bushels of wheat each, 150 bushels; 50 bushels of corn each, 150 bushels; 100 pounds of meat each, 300 pounds; 1 ton of coal each, 3 tons; 1 ton of hay each, 3 tons; also pasture and stable room for one cow; also room in house where the said Josef Krbel, Sr., now lives or in other quarters equally convenient and commodious. As a further guarantee for the faithful performance of this obligation, Josef Krbel, Jr., Lambert Krbel and Arnold Krbel for themselves, their heirs and assigns, grant, bargain and sell unto the said Josef Krbel, Sr., the S. W. $\frac{1}{4}$ and the W. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ of section 34, Tp. 20 and the N. W. $\frac{1}{4}$ N. E. $\frac{1}{4}$ and N. $\frac{1}{2}$ N. W. $\frac{1}{4}$ of section 3, township 19, all in range 17 west Custer Co. Nebr. To have and to hold to the said Josef Krbel, Sr., his heirs and executors the land above described. The conditions of this obligation are such that if the above bounden Josef Krbel, Jr., Lambert Krbel and Arnold Krbel, their heirs and assigns shall fail to comply with the terms of this contract then the above described land shall revert to the said Josef Krbel, Sr., or his heirs or executors; and it is further stipulated and agreed that this instrument shall be full and sufficient notice of the said Josef Krbel, Sr., of his intention to go into court and have title to the above described land quieted in the said Josef Krbel, Sr. Witness our hands and seals this 20th day of December, 1894. Josef Krbel, Jr. Lambert Krbel. Arnold Krbel. Witness: I. E. Reneau. E. R. Purcell."

In January, 1905, Josef Krbel, Sr., brought this action against his three sons and their wives, alleging that each of his said sons had wholly failed to comply with the terms of said contract requiring each to furnish wheat, corn, meat, coal and hay, and alleged the amount of damages sustained by reason of such breach of the contract to be $1,685. He prayed the court to ascertain

the amount due him by reason of the breach of the contract, and for a decree requiring the land to be sold to satisfy the amount found due, or that execution might issue against the defendants upon the judgment. Separate answers were filed by each of the three sons. Josef Krbel, Jr., set up a satisfaction and release of the contract obligation. At the commencement of the trial the action was dismissed as to him and his wife. In the answers of the defendants Lambert and Arnold Krbel it was alleged, in effect, that at the time of the making of the contract it was understood and agreed between the parties that defendants at any time they desired might elect to rescind it, and that they had elected to rescind; second, that the plaintiff had released Josef Krbel, Jr., and the effect of that release was to discharge the other defendants; third, that plaintiff had fraudulently misrepresented the amount of the mortgage incumbrance on the land; fourth, the statute of limitations. In addition to these, the defense of infancy was set up in the answer of Arnold Krbel. A trial was had upon these issues, resulting in a judgment for defendants, from which plaintiff has appealed.

The record does not disclose upon what ground the judgment of the court was based. The execution of the contract was admitted, and the nonfulfilment was clearly shown. At the outset, defendants insist that the judgment is right because there was no reply to the affirmative defenses set up in the answers. The transcript does not contain any reply. The journal entry containing the final judgment shows that the case was submitted upon the petition, answers and the reply of the plaintiff, and the record further discloses that the burden of proof was assumed by the defendants, and it is very clearly disclosed that the case was tried by both parties upon the theory that the allegations of the answer were denied. This court will consider the case upon the same theory.

The defense that it was the understanding and agreement that defendants should have the right at any time

to rescind or repudiate the contract is unavailing. The agreement of the parties was reduced to writing, and the contract does not contain any provisions giving such a right to defendants. The law is well settled that, when a contract is reduced to writing, the obligations of the parties thereto are wholly within and defined by the written instrument, and it cannot be altered or varied by any collateral, oral agreement or understanding. *Clarke v. Kelsey*, 41 Neb. 766; *Mattison v. Chicago, R. I. & P. R. Co.*, 42 Neb. 545; *Thomas v. Nebraska Moline Plow Co.*, 56 Neb. 383; *Te Poel v. Shutt*, 57 Neb. 592.

In January, 1899, by a written release duly signed, acknowledged and delivered by plaintiff to Josef Krbel, Jr., the latter was discharged and "released from any and all obligations of said contract." Defendant claims that this release operated to discharge the other defendants. The rule is well established that a voluntary release by an obligee of one of several joint obligors to a contract operates as a release of all. *Neligh v. Bradford*, 1 Neb. 451; *Lamb v. Gregory*, 12 Neb. 506; *Scofield v. Clark*, 48 Neb. 711; *Banking House of A. Castetter v. Rose*, 78 Neb. 693. An examination of the contract in question shows that it is not joint in all of its parts, but as to the furnishing of wheat, corn, meat, coal and hay the contract is several. Several parties may enter into concurrent contracts respecting the same matter, binding themselves jointly as one party and also severally as separate parties at the same time. In such cases, besides the one joint contract, there are as many several contracts as there are separate obligors. As a joint and several contract is not one obligation, but a combination in one instrument of the joint obligation and as many distinct obligations as there are obligors, it follows that the liabilities must be a combination of those attaching to joint contracts and of those attaching to several contracts. 9 Cyc. 652-656. The effect of the release of Josef Krbel, Jr., was to discharge the other defendants from all liability upon the contract in so far as it was a purely joint

obligation only, but did not destroy the liability that was several, for, as above said, there were as many obligations as there were several obligors. The obligation of the defendants Lambert and Arnold each to furnish 50 bushels of wheat, 50 bushels of corn, 100 pounds of meat, 1 ton of coal and 1 ton of hay was unaffected by the release of Josef Krbel, Jr. That instrument did, however, release all the defendants from any liability as sureties for each other and from any liability to furnish pasture, stable, and rooms for the benefit of plaintiff, and operated to discharge the contract so far as it was a pledge of the land, because that was a joint pledge.

Defendants insist that the plaintiff fraudulently represented that the land located in section 34 was subject to a mortgage of $400, and that in section 3 to a mortgage of $75. It is disclosed by the record that in the deed to Lambert Krbel it is covenanted that the land is free and clear of incumbrance, except "$400 of a mortgage against one eighty and $75 of a mortgage against one forty," and in the deed to Arnold Krbel it is covenanted that the land is free of incumbrance, "except $400 of mortgage on one eighty and $75 on one forty of the tract." The evidence discloses that the two eighties constitute one quarter section, and that the quarter section was subject to a mortgage of $800. The record discloses that the forty-acre tracts that were conveyed to each of defendants were part of another quarter section which was subject to a mortgage of $300. Lambert Krbel, with reference to this matter, testifies: "Q. And you understood that each person was to pay $400 on one mortgage and $75 on another? A. Yes, sir. Q. And you knew $400 was not all of the mortgage, but was a part of the mortgage that was on the various tracts of the land? A. I do not know. From the way the old man told me, I thought we were going to have this $800 to pay. He told us: 'You will each have to pay $400 on an eighty and $75 on the forty.' Well, I suppose that was the way." The peculiar language used in the covenants, together

with the testimony of Lambert Krbel, show clearly that the defendants understood the situation that the land was liable for the amount of the mortgage that actually existed, but that they were taking it only subject to such portions of the mortgage as the proportion of the land conveyed to each bore to the total of the mortgaged premises. There was therefore no misrepresentation which would constitute a defense to the contract sued upon.

Defendants insist that plaintiff's action is barred by the statute of limitations. The contract provides for the furnishing of certain items annually. As to all the items that should have been furnished more than five years previous to the commencement of the action the statute of limitations was a valid defense, but, as to all the items which each of the defendants was to furnish to the plaintiff within five years of the commencement of the action, the statute of limitations constituted no defense.

The defendant Arnold Krbel further pleads the defense of infancy. The record discloses that he was a minor at the time of entering into the contract, being then about 20 years of age. The record also shows that long after he became of age he retained the land and received some benefits therefrom. He did not take any action to disaffirm the contract upon becoming of age or within a reasonable time thereafter. This was necessary, if he desired to be relieved of any liability upon the contract by reason of his infancy. *Englebert v. Troxell,* 40 Neb. 195; *O'Brien v. Gaslin,* 20 Neb. 347; *Ward v. Laverty,* 19 Neb. 429.

From a consideration of the entire case, we reach the conclusion that the defendants Arnold Krbel and Lambert Krbel were each liable upon the contract to the plaintiff for the amount of wheat, corn, meat, coal and hay that each was required under the contract to furnish within the five years next preceding the commencement of the action.

The judgment of the district court is not sustained by

the evidence, and we recommend that it be reversed and remanded for further proceedings according to law.

DUFFIE and CALKINS, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.