BERTRAM W. WRIGHT, APPELLEE, V. RICHARD L. WILDS ET AL.: WILLIAM SMALE, EXECUTOR, APPELLANT.

FILED NOVEMBER 4, 1932. No. 28279.

*F. E. Williams* and *R. O. Canaday,* for appellant.

*Neighbors & Coulter, contra.*

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE. JJ.

GOOD, J.

This is an action for the foreclosure of a real estate mortgage. Plaintiff alleged that he was the sole owner of the mortgage and note thereby secured. Defendant and cross-petitioner William Smale, as executor of the will of Ida E. Smale, his deceased wife, claims an undivided one-half interest in the mortgage and note. The trial court found that Ida E. Smale in her lifetime had assigned her title and interest in the mortgage and note to the plaintiff, and that plaintiff was the sole owner of those instruments. Cross-petitioner Smale has appealed.

Ida E. Smale and Mary A. Wright were sisters whose homes were in Pennsylvania. Some time prior to 1919 the sisters inherited 240 acres of land in Morrill county, Nebraska. In November, 1919, they sold the land to the defendant, Richard L. Wilds, and as part payment received from Wilds and wife a note for $3,500, secured by a mortgage on the land. The note was made payable to Ida E. Smale and Mary A. Wright. The sisters each owned a half-interest in the note and mortgage. For several years the interest on the note was paid annually, each of the sisters receiving one-half thereof. In 1922 Mary A. Wright died. The plaintiff, Bertram W. Wright, is her son, and, by virtue of assignments from other heirs of Mary A. Wright, became the owner of her half interest in the note and mortgage.

Plaintiff claims that on February 9, 1923, for a consideration of $1,000, Ida E. Smale, by an assignment, transferred to him her undivided half interest in the mortgage and note. Over objection as to his competency, he testified that on the 9th of February, 1923, he went from his home in Scranton, Pennsylvania, to Honesdale, and there met Mrs. Smale on Main street and took her to his home in Scranton, where the instrument, purporting to be an assignment of Mrs. Smale's interest in the mortgage, was executed in the presence of two witnesses, one of whom was a sister of plaintiff. The purported assignment is in the record. It was not acknowledged

and bears date February 9, 1923, but was not recorded in Morrill county until November 20, 1930. Mrs. Smale died in October, 1924. The instrument, purporting to be an assignment, is on a blank form printed by a Lincoln, Nebraska, firm. Plaintiff testified that at his request his attorney sent to Nebraska for the blank form and filled it out, and that plaintiff took and presented it to Mrs. Smale, who signed it. The attorney in question was called as a witness. He testified that he had never been requested to obtain a blank form from Nebraska; that he did not fill out the same, and that he had never seen it. Plaintiff's sister, one of the witnesses to the instrument, now resides in Morrill county. She testified that she saw her aunt sign the instrument in question, but upon cross-examination admitted that she married and had lived in Nebraska for some months prior to the date of the instrument, and that she had not been back to Pennsylvania since her marriage. Her signature is by her maiden name. It is apparent that this witness could not have been in Scranton at the time of the alleged signing, and could not have seen her aunt sign the instrument in February, 1923.

Two witnesses who were close neighbors and friends of Mrs. Smale testified that they saw her almost daily; that she was nearly blind, in poor health, and that at the date of the alleged assignment she was not able to leave her home, and they were positive that Mrs. Smale did not leave her home and go to Scranton. Plaintiff testified that after he returned Mrs. Smale to Honesdale he paid her $500 in cash and left her on Main street in that village, some distance from her home. There is no evidence of his having withdrawn any such sum from the bank, or where or how he secured or came to have $500 in cash in his possession at that time. Mrs. Smale kept a bank account, and there is no record therein that any amount, approximating such sum, was deposited in her bank, or that she had any considerable sum of money in her possession at any time after the date of the alleged

execution of the instrument. Plaintiff further testified that he paid the remaining $500 consideration for the assignment at various times by sending to his aunt cash in unregistered letters, but he produced no receipts or letters acknowledging receipt of such sums. He testified that some of the payments were made by postal money orders, but, when questioned, he could not name any post office at which he had secured such money orders.

It is disclosed that plaintiff, after the death of his mother, collected the interest upon the mortgage; that one-half thereof was turned over to Mrs. Smale, and that as late as in 1924, several months after the date of the alleged assignment, an interest payment was collected and one-half thereof turned over to Mrs. Smale. There are a number of letters in the record, written by plaintiff and his attorneys, which bear dates subsequent to that of the alleged assignment, and in which they were negotiating for the purchase of Mrs. Smale's interest in the mortgage. Plaintiff also produced two Pennsylvania bankers as witnesses who testified that in their opinion the signature on the alleged assignment was that of Mrs. Smale. Their opinion was based upon other signatures produced by plaintiff which were presumably genuine signatures of Mrs. Smale. Neither of the witnesses had ever seen Mrs. Smale write her name, and one of them was not even acquainted with her. Mr. Smale testified that the signature on the instrument was not that of his wife.

We have carefully examined the signature on the instrument, purporting to be an assignment, and have compared it with the other signatures, presumed to be genuine, having been produced by plaintiff, together with certain other signatures of Mrs. Smale which are admittedly genuine. A comparison leads every member of this court to the opinion that the signature on the instrument is not the genuine signature of Mrs. Smale, and that it is a forgery.

The rule has been frequently announced by this court that in equity cases, triable *de novo*, we will give consid-

eration to the fact that the trial judge observed and saw the demeanor of the witnesses while testifying, and was better able to judge of their credibility and fairness than is this court from the record. This rule is not applicable in the instant case, as all of the evidence relating to the execution of the purported assignment, save that of the sister of plaintiff, was by deposition.

Section 20-1202, Comp. St. 1929, provides: "No person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness, unless the evidence of the deceased person shall have been taken and read in evidence by the adverse party in regard to such transaction or conversation or unless such representative shall have introduced a witness who shall have testified in regard to such transaction or conversation, in which case the person having such direct legal interest may be examined in regard to the facts testified to by such deceased person or such witness, but shall not be permitted to further testify in regard to such transaction or conversation." Clearly, this statute rendered the plaintiff incompetent to testify as to any conversation or transaction had between him and Mrs. Smale, since her personal representative was the adverse party.

Upon a consideration of the entire record, we are unanimously of the opinion that Mrs. Smale did not sign the instrument purporting to be an assignment of her interest in the mortgage, but that the same is a forgery. It follows that the findings and judgment of the district court are erroneous.

The judgment is reversed and the cause remanded to the district court, with directions to enter a decree of foreclosure, awarding to cross-petitioner William Smale, as executor of the will of Ida E. Smale, an undivided one-half interest in the mortgage and note secured thereby.

REVERSED.