IN RE ESTATE OF ANDERS G. NILSON.
E. I. ELLIS, ADMINISTRATOR, APPELLEE, V. ALMITTA NILSON,
APPELLANT: CHARLES M. SCHROEDER, INTERVENER,
APPELLEE.

FILED MARCH 30, 1934. No. 28676.

*William A. Ehlers,* for appellant.

*W. M. Hopewell* and *Orville Chatt, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and CHAPPELL and LANDIS, District Judges.

CHAPPELL, District Judge.

A petition was filed in the county court of Burt county, Nebraska, on February 13, 1931, by E. I. Ellis, administrator, with the will annexed, of the estate of Anders G. Nilson, deceased, praying for approval of his accounts as administrator, for order of distribution of the funds then in his hands, for directions by the court as to certain money then in his possession, for final settlement of the estate, and for final discharge as administrator therein. He alleged in substance that the estate was insolvent, and that he had on hand $983.86 in cash and, in addition thereto, $3,200 concerning which he asked specific directions of the court as to its disposition. In this connection he alleged in substance that on or about March 21, 1930, he was called to the farm home of the deceased and his widow, Almitta Nilson, and that at that time Almitta Nilson gave into his possession cashier's checks upon the First National Bank of Tekamah, Nebraska, payable to deceased in the amount of $3,500; that at that time Almitta Nilson stated that $2,000 of this amount was to be hers, but that nothing was said concerning the remaining $1,500; that the petitioner brought the cashier's checks to town and, as agent of Anders G. Nilson, deceased, indorsed them, and has since that date retained this sum of money, except $300 thereof, in the accounts of the Tekamah Investment Company.

The court, upon the filing of this petition, fixed a time for hearing and notice of final settlement, and hearing thereon was duly given as provided by law. To this petition Almitta Nilson filed answer on February 13, 1931,

objecting to that part of the petition with reference to the $3,200, denying generally each and every allegation with reference thereto, alleging that this money was her own individual personal property and not in the possession of the administrator as such, but that at all times since March 21, 1930, it had been deposited and invested with the Tekamah Investment Company, a corporation, to her credit and was no part of the estate. She then prayed that the court, upon hearing, find and direct that the $3,200 was not a part of the estate and that the administrator was not entitled to it.

The matter came on for hearing in the county court by agreement of all the parties, they being present in open court with their respective attorneys, together with Charles M. Schroeder, a creditor of the estate, and his attorney. Thereupon the county court entered a decree approving the final report of the administrator, ordering the distribution of funds in his hands, holding that the special fund of $3,200, as listed in the final report of the administrator, was and is the property of the estate, and specifically directed that it should be so considered in the distribution thereof; that, after the payment of certain claims, the balance then remaining in the administrator's hands should be distributed *pro rata* among the creditors, Charles M. Schroeder being one of them, and that the administrator was entitled to be discharged.

Almitta Nilson perfected an appeal to the district court for Burt county, Nebraska, whereupon the case was tried upon the transcript and pleadings from the county court. After full hearing, the parties all being present in court with their attorneys, decree was entered by the district court sustaining generally the findings of the county court. Almitta Nilson then filed a motion for new trial, which was sustained by the court, and as a part of the order sustaining such motion, the court ordered that the parties file pleadings setting forth their issues. She, thereupon, filed a petition in the district court for Burt county, Nebraska, in which she set forth verbatim all of the allega-

tions of the administrator's petition which he filed in the county court with reference to the $3,200 fund in controversy, her answer to that petition, and the findings of the county court with reference thereto. She then alleged that no other pleadings were filed with respect to this fund in the county court; that the entire $3,200 was her own personal, individual property and not the property of the deceased or the estate, and prayed that the fund described in the administrator's petition for final settlement and account be decreed to be her personal property and no part of the estate. To this petition the administrator filed answer without traversing the allegations of her petition, but renewing his prayer as made in the county court. To the answer she filed reply denying generally the allegations thereof and reasserting her claim to the fund.

The creditor, Charles M. Schroeder, also filed an answer to her petition denying generally the allegations of her petition and praying that the fund in controversy be found by the court to be a part of the estate. After a motion was overruled to strike the answer of the creditor, she filed reply thereto denying generally the allegations of the answer.

A trial was had in the district court for Burt county, Nebraska, upon these issues and a decree was entered finding generally that there was not sufficient evidence before the court to sustain her claim to this fund, directing the administrator to distribute the remaining assets according to the further order of the county court after a certified copy of this decree should be filed therein.

Appeal is taken by her to this court. She contends that, the administrator not having filed reply to her answer in the county court and not having denied the allegations of her petition in the district court, no issue was ever presented in either court by the pleadings upon which a judgment could be based; in other words, not being denied by the administrator, it was a legally ad-

mitted fact in both courts that she was the owner of the fund. This contention cannot be sustained. There is no provision of the statute requiring that such pleadings be filed in the county court by the administrator. He was an officer of the court under its supervision, direction and control, in an *in rem* proceeding. *Lewis v. Barkley*, 91 Neb. 127; *Fitch v. Martin*, 83 Neb. 124, on rehearing, 84 Neb. 745; *Stichter v. Cox*, 52 Neb. 532; *Estate of Fitzgerald v. First Nat. Bank of Chariton*, 64 Neb. 260; *In re Estate of Creighton*, 91 Neb. 654; *In re Estate of Sweeney*, 94 Neb. 834. Further, no objection was made either orally or in writing that no reply had been filed; the trial proceeded as if the answer was denied generally, and it was waived. *Loan & Trust Savings Bank v. Stoddard*, 2 Neb. (Unof.) 486; *Schuster v. Carson*, 28 Neb. 612; *Missouri P. R. Co. v. Palmer*, 55 Neb. 559; *Minzer v. Willman Mercantile Co.*, 59 Neb. 410; *Gruenther v. Bank of Monroe*, 90 Neb. 280; *Gross v. Scheel*, 67 Neb. 223; *Hunter v. Weiner*, 103 Neb. 538; *In re Estate of Cheney*, 78 Neb. 274; *Krbel v. Krbel*, 84 Neb. 160; *American Freehold Land Mortgage Co. v. Smith*, 84 Neb. 237; *Crilly v. Ruyle*, 87 Neb. 367. The case of *Snyder v. Collier*, 85 Neb. 552, disposes of appellant's contention with reference to the issues in the district court. In this case the court said: "If a defendant desires an affirmative judgment against the plaintiff, he should state in his answer the ultimate facts to support his contention. If he fails to allege an essential fact, but it is pleaded by his adversary, an affirmative judgment in defendant's favor may be sustained by the pleadings." See Maxwell, Pleading and Practice (4th ed.) 152, 689. Appellant made all of the administrator's petition in the county court with reference to the $3,200 fund and her answer thereto filed in the county court, together with the findings of the county court, a part of her petition in the district court, and the administrator in his answer prayed for affirmative relief as prayed in his petition in the county court. After appellant filed reply thereto, the trial

proceeded without this objection as if the issues had been properly made up. This court will take into consideration all of the facts pleaded in the various pleadings and render judgment accordingly. *Snyder v. Collier, supra.*

Appellant contends that the county court was without jurisdiction of the subject-matter, therefore the district court was without jurisdiction upon appeal, for the reason that the county court had no jurisdiction to hear a claim asserted against the estate by a person claiming title paramount to the property against the estate, the property being in the hands of a third party who is not a party to this suit. The administrator alleged in his petition in the county court that he had possession of the property, and the evidence discloses that the fund in question was actually in his possession and under his control, and not in the possession of a third party except for safekeeping and to identify the fund. Appellant concedes this, but claims that he had it for her. The evidence does not sustain this contention. We proceed upon the theory that the money was in the hands of the administrator, an officer of the court, under its direction, supervision and control, and, therefore, in the hands of the court. The petition which he filed in the county court conferred upon that court jurisdiction of the subject-matter. The administrator had the right to and was required to make a final report, have his account settled and approved, obtain order of distribution, and be discharged by the court. He had the right, and it was his duty, to ask for directions from the county court as to the disbursement of money in his hands, and the county court had the power to give and enforce the same. Const. art. V, sec. 16; Comp. St. 1929, secs. 27-503, 27-504, 30-405, 30-406, 30-601, 30-617, 30-1409, 30-1412, 30-1414, 30-1505; Comp. St. Supp. 1931, sec. 30-1412; 15 C. J. 801; 24 C. J. 465. The county court has original and exclusive jurisdiction in the settlement of estates by which distribution is made of the assets, and its final orders are binding upon all persons. The proceeding is *in rem.* All persons

interested in the assets are considered parties in the county court, whether named or not, and they may appear for the purpose of protecting their interests in the county court or on appeal to the district court. Appeal to the district court removes the whole case to the district court, and all persons interested in the distribution are necessary parties in the district court and entitled to be heard there. *In re Estate of Creighton, supra; In re Estate of Sweeney, supra; In re Estate of Bayer,* 116 Neb. 670; *Blair v. Estate of Willman,* 105 Neb. 735. See, also, *Lewis v. Barkley, supra; St. James Orphan Asylum v. Shelby,* 75 Neb. 591; *Genau v. Abbott,* 68 Neb. 117; *Reischick v. Rieger,* 68 Neb. 348; *Boales v. Ferguson,* 55 Neb. 565; *Youngson v. Bond,* 69 Neb. 356; *Wilson v. Coburn,* 35 Neb. 530; *Williams v. Miles,* 63 Neb. 859; *Andersen v. Andersen,* 69 Neb. 565; Dame, Probate and Administration (3d ed.) 13, 14. These cases also dispose of the appellant's contention that the creditor, not having filed any pleadings in the county court, should not have been permitted to file an answer in the district court or appear as a party therein.

The test of jurisdiction is whether the tribunal had the power to enter upon the inquiry, and not whether its methods were regular, its findings right, or its conclusions in accord with the law. The petition presents a cause of action within the jurisdiction of the county court. The appellant, by filing an answer in which she claims the property as her own, neither gives nor takes away the jurisdiction of the court to hear and determine the cause. Jurisdiction is not gained or lost in this proceeding by the status of the appellant or by her acts. It is ascertained from the petition of the administrator which asserts his rights and status. Appellant's answer, for all intents and purposes, amounted to no more than an objection to the final account and distribution of money in the hands of the administrator, and evidently was so considered by the court. The appellant, if she had a remedy,

should have proceeded in the proper forum to enforce it. *Miller v. Roby,* 9 Neb. 471; *Spielman v. Flynn,* 19 Neb. 342; *Neihardt v. Kilmer,* 12 Neb. 35; *Strong v. Combs,* 68 Neb. 315; *Radil v. Sawyer,* 85 Neb. 235; *Johnson v. Miller,* 50 Ill. App. 60; *Peninsular Savings Bank v. Ward,* 118 Mich. 87, 93; *Clevenger v. Figley,* 68 Kan. 699; *Wanzer v. Howland,* 10 Wis. 7; *Eagle Cliff Fishing Co. v. McGowan,* 70 Or. 1; *Fred Miller Brewing Co. v. Capital Ins. Co.,* 111 Ia. 590; 15 C. J. 733; *Robinson v. Levy,* 217 Mo. 498; *Mayor and Aldermen of Jersey City v. Gardner,* 33 N. J. Eq. 622; *Boone v. Poindexter,* 20 Miss. 640; 12 Ency. of Pleading and Practice, 129, sec. 8; *Roth v. Union Nat. Bank,* 58 Okla. 604; *Crozier v. Stephens,* 2 Tex. Civ. App. 704; *Scarborough v. Powell,* 2 Tex. Civ. App. 644.

In any event, the appellant has had her day in court. When a new trial was granted in the district court, the trial judge properly ordered that pleadings be filed to present the issues contended for by the parties. Thereupon appellant filed her own petition, not an answer, in which she asked for affirmative relief. The issues were thereupon made up in every manner, in so far as this fund is concerned, as if she had filed an original action therein. Evidence was adduced fully upon every matter claimed by her. The evidence discloses conclusively that this fund was the property of the deceased. The administrator acted for him and not this appellant in taking the checks and in indorsing and cashing them. It is uncontradicted that the deceased obtained the checks from the bank by purchase with proceeds obtained by him from the sale of his own cattle, and that he did this in the first instance to avoid the process of creditors. She does not and cannot claim that it was a trust fund for her. The evidence is to the contrary. She must do that to maintain this action. *Coleman v. McGrew,* 71 Neb. 801. Under the evidence, if there were a trust fund for any one, it was for the deceased, and, in view of section 36-201, Comp. St. 1929, it was therefore a trust fund for the benefit of

creditors. She cannot maintain an action against the administrator for the recovery of money only. Comp. St. 1929, sec. 30-801. At most, appellant had a claim against the estate for money owing her by the deceased. She took the position that it was her money, the fund itself, and, failing in the proof, she cannot now, after defeat in the district court, claim lack of jurisdiction over the subject-matter if the court did actually have jurisdiction thereof by her own acts. *Wayne v. Alspach,* 20 Idaho, 144; *Warren v. Glynn,* 37 N. H. 340; *North Hudson County R. Co. v. Flanagan,* 57 N. J. Law, 236; *Tygh v. Dolan,* 95 Ala. 269; *Norton v. Miller,* 25 Ark. 108; *Dufossat v. Berens,* 18 La. Ann. 339; *Hunt v. Taft,* 100 Mass. 91; *Paul v. Fulton,* 25 Mo. 156; *Bodie v. Bates,* 99 Neb. 253; 10 R. C. L. 699, sec. 27; 7 R. C. L. 1043, sec. 76; *Robertson v. Smith,* 129 Ind. 422, 15 L. R. A. 273, and note.

Appellant contends that the court erred in refusing to permit her to testify as to the manner of the source of the funds claimed by her as her own, after the administrator and another witness had already testified in part concerning the source thereof. There was no controversy as to the source of the fund, and she was permitted to testify in full with reference thereto. The court properly refused to permit appellant to testify as to the conversations and transactions with the deceased concerning the fund after it came into existence. We determine this question upon the premise that the administrator had the fund in his possession. Appellant will not be permitted to claim that it was in the hands of a third party and evade section 20-1202, Comp. St. 1929, which provides: "No person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness, unless the evidence of the deceased person shall have been taken and read in evidence by the adverse party in regard to such

transaction or conversation or unless such representative shall have introduced a witness who shall have testified in regard to such transaction or conversation, in which case the person having such direct legal interest may be examined in regard to the facts testified to by such deceased person or such witness, but shall not be permitted to further testify in regard to such transaction or conversation."

The evidence of the deceased was not taken and read by the adverse party in regard to such transactions or conversations; neither did the administrator testify concerning them, and he did not introduce a witness who testified concerning such transactions or conversations. The appellant had a direct legal interest in the result of this proceeding as she claimed all of the fund as her own, and the administrator was the representative of the deceased person. *Kroh v. Heins,* 48 Neb. 691; *Fitch v. Martin, supra; Wamsley v. Crook & Hall,* 3 Neb. 344; *Ransom v. Schmela,* 13 Neb. 73; *Magemau & Co. v. Bell,* 13 Neb. 247; *Housel v. Cremer,* 13 Neb. 298; *Rakes v. Brown,* 34 Neb. 304; *Smith v. Perry,* 52 Neb. 738; *McEntarffer v. Payne,* 107 Neb. 169; *McCoy v. Conrad,* 64 Neb. 150; *Sorensen v. Sorensen,* 56 Neb. 729; *Dickenson v. Columbus State Bank,* 71 Neb. 260; *In re Estate of Neckel,* 80 Neb. 123; *Tecumseh Nat. Bank v. McGee,* 61 Neb. 709; *Geise v. Yarter,* 112 Neb. 44; *Wylie v. Charlton,* 43 Neb. 840; *Brown v. Forbes,* 1 Neb. (Unof.) 888; *Broeker v. Day,* 124 Neb. 316; *Wright v. Wilds,* 124 Neb. 11.

The appellant discusses other assignments of error in her brief, but we deem it unnecessary to discuss them in this opinion.

We conclude that the judgment of the district court is right, and it is

AFFIRMED.