## THE BANK OF CARROLL v. TAYLOR.

1. **Promissory Note:** COMBINED WITH CHATTEL MORTGAGE: NEGOTIABILITY. Where a promissory note, negotiable in itself, was given in the purchase of a certain chattel, and coupled with the note, in the same instrument, was a mortgage upon the chattel to secure the note, and under the mortgage, as properly construed, (see next head note,) the mortgagee was entitled to take possession of the chattel whenever he might feel insecure, but not to sell it in payment, or part payment, of the note until after the maturity of the note, *held* that the instrument was negotiable, since the debt evidenced thereby was not subject to be diminished before its maturity. *Smith v. Marland*, 59 Iowa, 645, distinguished.

2. **Chattel Mortgage:** RIGHT TO SEIZE AND SELL PROPERTY BEFORE MATURITY OF DEBT: TERMS CONSTRUED. The chattel mortgage in question contained the following provision: "Whenever the holder hereof may deem himself insecure, then he may take said property (the mortgaged property) by virtue of this mortgage, and sell the same at public auction, * * * and the proceeds of said sale to be applied on said note," (the note secured by the mortgage); but preceding this provision was the following: "If this note and mortgage shall be paid on or before the maturity thereof, then this mortgage to be void." *Held* that, construing both provisions together, the mortgagee might *seize* the property whenever he felt himself insecure, but that he could not sell it till after the maturity of the debt.

*Appeal from Guthrie Circuit Court.*

SATURDAY, DECEMBER 12.

THIS action was brought by plaintiff on two instruments ·in writing, executed by defendant, b'y which he agreed to pay J. W. Stoddard, or bearer, different sums of money. Plaintiff alleges that it purchased said instruments for a valuable consideration, before maturity. Defendant answered, pleading a failure of the consideration of said instruments; but the averment in the petition that plaintiff is a purchaser of the instruments before maturity for value is not denied by the answer. Plaintiff demurred to the answer on the ground that the failure of the consideration of said instruments was not a defense against them in the hands of a purchaser for value before maturity. This demurrer was overruled, and, plaintiff electing to stand thereon, judgment was entered against it dismissing the petition, and for costs. Plaintiff appeals.

*William H. Stiles,* for appellant.

*Arthur Spahr* and *Lymon Porter,* for appellee.

REED, J.—The following is a copy of one of the instruments sued on: "$40.00. COON RAPIDS, IOWA, 5, 4, 1881.

1. PROMISSORY note: combined with chattel mortgage: negotiability.

On the twenty-fifth day of December, 1881, for value received, I promise to pay to J. W. Stoddard, or bearer, forty dollars, with interest at ten per cent, payable annually, from date until paid, and ten per cent is to be added to the amount if this note remains unpaid after maturity and is collected by suit. For the consideration mentioned above the undersigned hereby sells and conveys to J. W. Stoddard the following property: One Triumph Drill, No. —, upon condition, however, that if this note and mortgage shall be. paid on or before the

maturity thereof then this mortgage to be void, otherwise in full force; and it is further agreed that in case of failure to pay the amount due thereon at maturity, or whenever the holder hereof may deem himself insecure, then he may take said property by virtue of this mortgage, and sell the same at public auction, as by law provided: the proceeds of said sale, after deducting all expenses, to be applied on this note and mortgage, the residue, if any, to be returned to the under-signed." The only respect in which the other instrument differs from this is in the amount secured and the time of payment.

The question presented is whether these instruments are negotiable. Certainty as to the payor and payee, the amount to be paid and the time of payment is an essential quality of a negotiable promissory note. The first provision of the instruments in suit is an undertaking by the maker to pay to the person named as payee, or to bearer, a specified sum of money, with interest thereon at a certain date. This pro-vision, standing alone, contains all the elements of negotia-bility. If the instruments are not negotiable, then it is because the undertaking of the maker is qualified, and some element of uncertainty in these respects is created by the sub-sequent provision. By this subsequent provision of the con-tract a mortgage of certain personal property for the security of the debt evidenced by the preceding provision is created. It does not, by any express terms, modify the undertaking of the maker in the preceding provision, either as to the amount which is to be paid, the time of payment, or the per-son to whom it is to be made. But it is contended that, as it confers upon the payee or the holder of the instrument the right to take possession of the mortgaged property, and (as is claimed) sell it, even before the maturity of the debt, and apply the proceeds in satisfaction thereof, it has the effect to render the instrument uncertain as to the amount which may be recovered upon it at maturity. It is claimed that the case, in that respect, is within the holding in *Smith v. Mar-*

*land*, 59 Iowa, 645. The instrument sued on in that case contained a provision that the title and right of possession to the personal property, for the price of which the note was given, should remain in the vendor (the payee of the note) until the debt should be paid, and that he, or any indorser of the note, might, at any time he deemed the debt insecure, declare the note due, and take possession of the property, and sell the same on five days' notice, and apply the proceeds in payment of the debt; and the holding of the case is that, as by this provision the debt evidenced by the instrument was liable to be diminished before its maturity by the amount for which the property should be sold, it was thereby rendered uncertain as to the amount which might be recovered upon it at maturity, and hence that it was not negotiable. If, by the provisions of the instruments in question, the mortgaged property might have been sold, and the proceeds applied in satisfaction of the debt before its maturity, it is possibly true that they would be governed by the same holding.

But whether this is true or not we need not determine, for, in our opinion, the mortgaged property could not, under the provisions of the instrument, be sold for the satisfaction of the debt until after its maturity. It is true that one provision of the instrument is "that, in case of failure to pay the amount due hereon at maturity, or whenever the holder hereof may deem himself insecure, then he may take said property by virtue of this mortgage, and sell the same at public auction, * * * and the proceeds of said sale to be applied on said note."

2. CHATTEL mortgage: right to seize and sell property before maturity of debt: terms construed.

This provision, standing alone, would doubtless empower both the seizure and sale of the property before the maturity of the debt, and the application of the proceeds of such sale in satisfaction of the debt, if the holder considered himself insecure. But preceding this is the following condition, viz., "that if this note and mortgage shall be paid on or before the maturity thereof, then this mortgage to be void." This con-

dition clearly gives the mortgagor the right to discharge the property from the lien of the mortgage by paying the debt either at its maturity or before that. In determining the effect of the instruments, both conditions must be considered, and, when they are considered together, we think that, while they empowered the holder to take possession of the mortgaged property before the maturity of the debt if he deemed himself insecure, they did not empower him to sell it until after its maturity. For the mortgagor's equity of redemption did not expire until the maturity of the debt. The debt evidenced by the instruments was not subject to be diminished before its maturity, and there is no uncertainty as to the amount to be recovered thereon at maturity. The fact that, by these terms, a mortgage is created by which the debt is secured, and under which payment in whole or in part may be enforced after maturity, does not, in our opinion, affect the question whether or not the instruments are negotiable. They possess all the elements of negotiability. The judgment of the circuit court will be reversed, and the cause will be remanded.

REVERSED.