NORFOLK NATL. BANK v. WOOD, BANCROFT & CO.

[FILED SEPTEMBER 29, 1891.]

1. **Evidence:** ADMISSIONS OF WIFE. Where the proof fails to show that the wife of the person in possession of a farm had authority to control the business in the absence of her husband, the admissions of such wife in regard to the business of the farm cannot be received, and an instruction submitting them to the jury is erroneous.

2. **Chattel Mortgages:** DESCRIPTION OF PROPERTY. Where cattle were described in a chattel mortgage as "forty head of steers, three years old next spring, being all steers of that age owned by us; sixty head of steers, two years old next spring, being all of that age we own except forty head; all of the above are branded with figure 4 on left hip and are kept on the Verges farm," etc., the descriptions are to be considered in conjunction by the jury, and not in the disjunctive, and an instruction which submits each part of the description as though it was the whole is erroneous.

11

3. Instructions: PARAGRAPHS. Under the Code, each paragraph of the instructions should contain but a single proposition of law.

ERROR to the district court for Stanton county. Tried below before NORRIS, J.

*Holmes & Hayes*, for plaintiff in error, cited, as to the description: *Price v. Comas*, 21 Neb., 198; *Wiley v. Shars* Id., 716.

*Allen, Robinson & Reed*, contra, cited, as to the wife's agency: *Moffitt v. Cressler*, 8 Ia., 122; *Wood Mach. Co. v. Crow*, 30 N. W. Rep. [Ia.], 609; *Furman v. R. Co.*, 17 Id., 599; *McLaren v. Hall*, 26 Ia., 297; *Miller v. Hollingsworth*, 33 Id., 224; 9 Am. & Eng. Ency. of Law, 839, sec. 3.

MAXWELL, J.

This is an action for conversion of one hundred head of cattle.

The answer is a general denial.

On the trial of the cause the jury returned a verdict for the defendant upon which judgment was rendered.

The plaintiffs claim a special interest in the cattle by virtue of a chattel mortgage as follows:

"The undersigned, of sec. 7, town 25, range 1 west, county of Pierce, state of Nebraska, for the purpose of securing the payment of $1,900 and interest according to the condition of one promissory note of even date herewith as follows: one note payable March 24, 1888, for $1,900 and signed by John Welch and Michael Welch, do hereby sell and mortgage unto the Norfolk National Bank, and its assigns, the following described property now in my possession in said county and state, and free from all incumbrance, to-wit: forty head of steers, three years old next spring, being all steers of that age owned by us; sixty head

of steers, two years old next spring, being all of that age we own except forty head. All of the above are branded with figure 4 on left hip and are kept on the Verges farm, Sec. 7, Tp. 25, R. — W., Pierce county, Nebraska, now in our possession as tenant; *Provided,* That if the undersigned shall pay the said debt then this mortgage shall be void, and it is hereby agreed that if default be made in the payment of said debt or any part thereof, or if any attempt be made to remove or dispose of said property; or if at any time the said John and Michael Welch shall neglect or refuse to care for said chattels in a husbandlike manner, or whenever the said Norfolk National Bank may choose, he is hereby authorized to enter upon the said premises where the said property may be, and remove or sell the same at public or private sale without notice, and out of the proceeds retain the amount then owing on the said debt with expenses attending the same, and attorney's fees, rendering to the undersigned the surplus after the whole of said debt shall have been paid, with charges aforesaid; if from any cause said property shall fail to satisfy said debt, interest, costs, and charges, I covenant to pay the deficiency.

"Signed this 22d day of September, 1887.

"JOHN WELCH.    [SEAL.]
"MICHAEL WELCH.    [SEAL.]

" In presence of
"N. A. RAINBOLDT."

The court gave the following instructions:

"I. Plaintiff alleges that on the date specified in his petition he had a special ownership in certain steers described in the petition, by virtue of a chattel mortgage executed in favor of plaintiff by John Welch and Michael Welch to secure the payment of $1,900 due on the 24th day of March, 1888, and that defendant on same day, between the day of the making of said note and the day the same became due, obtained possession of said steers and converted

the same to his own use, to the plaintiff's damage in the sum of $1,500.

" II. Defendant denies every averment of plaintiff's petition, excepting the corporate capacity of plaintiff, which is admitted.

" III. In this case the burden of proof is upon plaintiff to prove all the material allegations of his petition. Plaintiff claims a special ownership in the property in controversy by virtue of a chattel mortgage. The holder of a chattel mortgage holds the legal title to the property described therein and may follow and take possession of the same wherever it can be found and identified. In this case it devolves upon plaintiff to prove, by a fair preponderance of the evidence, that the cattle claimed by him in this action were the same, or are part of the same, described in the mortgage executed by John and Michael Welch in favor of plaintiff, before he can recover.

" IV. You are instructed that the validity of the chattel mortgage in controversy is a question of law to be decided by the court, and that the court has decided the same to be valid; the only question for you to decide is whether or not the cattle claimed by plaintiff are described in said chattel mortgage.

" V. The jury are instructed as a principle of law that the representations of defendant or its agent, or one in whose charge or custody its cattle may have been left, are admissible in evidence regarding the condition or disposition of the cattle, but the representations or statements of any other party than the defendant, its agent, or a custodian, as above described, are inadmissible in evidence. If the jury believe from the evidence that Mrs. Mortimer, at the time witnesses Wheeler and Whitham visited the defendant's cattle yards to inspect the cattle therein, was in charge of defendant's premises and acting for defendant, and by defendant's authority, then her statement regarding the cattle as in evidence should be considered by you as

other evidence in making up your verdict; but if you believe from the evidence that she was not in charge of defendant's premises, as above stated, you will disregard all evidence as to any statements made by her and dismiss them from your minds in deciding upon your verdict."

It is conceded that there is no evidence to sustain the last instruction, but the defendant in error claims that the giving of the same was error without prejudice. There is no evidence that Mrs. Mortimer was her husband's agent, or had charge of business matters on the farm, or had any authority to make declarations to the defendants. The instruction on this point therefore was clearly erroneous.

The court, at the defendant's request, gave the following instruction:

"If the cattle purchased by the defendants of John and Michael Welch, or any of them, were not branded on the left hip with the figure '4,' as alleged, or if they were not owned and kept by said John and Michael Welch on the Verges farm in Pierce county, Nebraska, on or about the 22d day of September, 1887, or if they were so branded, owned, and kept, but were at the time the mortgage was given and at the time the defendants purchased them an indistinguishable part and parcel of a common mass or herd of two hundred head or more of cattle of like brand, age, and sex, owned and kept by the said John and Michael Welch, and were never set apart, identified, and distinguished from the common mass or herd as the cattle included in the plaintiff's mortgage, and a stranger, aided by the suggestions of the mortgage, and reasonable inquiry, could not have selected them from the common mass or herd as the cattle included in the mortgage, and the defendants bought them in good faith for value and without any actual notice of the plaintiff's claim, then, and in either event, your verdict must be for the defendants."

It will be observed that a number of propositions are joined in this instruction. First, that if any of the cattle

were not branded on the left hip with a figure 4, or second, if they were not owned and kept by John and Michael Welch on the Verges farm, etc., on or about the 22d day of September, 1887. It will be observed also that the brand is not made a particular part of the description, but follows the other description. "Forty head of steers, three years old next spring, being all steers of that age owned by us. Sixty head of steers, two years old next spring, being all of that age we own except forty head." The brand, therefore, is but a part of the description, and the court in submitting a part of the description to the jury and instructing them, in effect, that if they found the part wanting they should thereupon find that the whole did not exist, is erroneous.

Third—Or "if they were so branded, owned and kept, but were at the time the defendant purchased them an indistinguishable part and parcel of a common mass or herd of two hundred head or more of cattle of like brand, age, and sex, owned and kept by the said John and Michael Welch, but were never set apart, identified, and distinguished from the common mass or herd," etc., the jury were to find for the defendant. Suppose the description related to land, would it not all be considered, and the maxim "*Id certum est quod certum reddi potest*" be applied? The same rule will be applied in this case.

The effect of the instruction seems to have been to confuse the jury by mixing up a number of propositions in the alternative which are inconsistent with each other.

The Code requires each paragraph to contain but a single proposition of law, and a strict adherence to the rule tends to simplify the procedure, and promote the ends of justice.

There are other errors assigned which need not be noticed.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.