ADOLPHUS F. LINTON v. JOHN W. COOPER ET AL.

FILED DECEMBER 6, 1905. No. 13,890.

Dismissal: DEFENSE: POWER OF COURT. A court has no power or
jurisdiction, upon dismissing a cause without prejudice to a
new action, to adjudge that such new action shall not be subject
to the defense that it is barred by the statute of limitations.

ERROR to the district court for Douglas county: WILLIS
G. SEARS, JUDGE. *Affirmed.*

*John O. Yeiser,* for plaintiff in error.

*Charles A. Goss, contra.*

AMES, C.

This is a proceeding in error to review a judgment of the
district court sustaining a general demurrer to the petition
of the plaintiff and dismissing the action, with costs, for
the specific reason that it appears upon the face of the
petition that the cause of action therein set forth was
barred by the statute of limitations at the time the suit
was begun.

The purport of the petition is that in January, 1889, the
plaintiff delivered to the defendants certain shares of cor-
porate stocks as a pledge to secure the repayment of a
sum of money at that time borrowed by the plaintiff from
the defendants, and that in May of said year the defend-
ants converted said shares of stock to their own use to the
damage of the plaintiff in a sum equal to their alleged
value, for which sum, and interest from the last named
date, he prays judgment. But the plaintiff seeks to evade
the bar of the statute, apparent from the above recited
facts, by alleging that in 1899, in an action then pending
in the district court for Douglas county, the same facts
had been pleaded by the plaintiff as a defense to an action
for the foreclosure of a certain mortgage that had been
executed to secure the same loan of money, and in which

a decree of foreclosure and sale was rendered, wherein it was adjudged that, upon payment and satisfaction of said decree, the plaintiff herein should be entitled to a return of said corporate shares, and that full payment and satisfaction of said decree had been made. If the decree had concluded with the adjudication just recited, we should have little doubt of the correctness of the plaintiff's contention, but, on the contrary, it proceeds in the next following paragraph to a final disposition of the matter in the following language: "The court expressly refuses to inquire into or adjudicate the rights of the respective parties in and to the shares of stock; and this decree is without prejudice to the rights of the Lintons or either of them to demand a return of said shares of San Sebastian Nitrate stock, on payment or satisfaction of the amount found due in this decree, and is without prejudice to the rights of said Lintons, or either of them, to maintain an action to recover said stock, or for a conversion of them, if any such right they have." Counsel for both parties have happily relieved us of some embarrassment in the interpretation of this decree by agreeing, in effect, that it does not itself suffice for a cause of action relative to the corporate stock, or, at any rate, that it is not the foundation of the cause of action set out in the petition; but the plaintiff argues, and the defendants deny, that it operated to toll the limitation by the statute, of the cause of action alleged to have accrued from a conversion of the stock ten years previously. This effect it does not purport to have, and we are not cited to any principle or authority for holding that a court has jurisdiction or power, upon dismissing a cause without prejudice to a new action, to adjudge that such new action shall not be subjected to the defense that it is barred by the statute of limitations. We therefore recommend that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing

opinion, it is ordered that the judgment of the district court be

AFFIRMED.