GEORGE E. SNYDER, APPELLANT, v. FRANCIS J. COLLIER ET AL., APPELLEES.

FILED DECEMBER 14, 1909.  No. 15,847.

1. Pleading: AMENDMENT. If plaintiff's petition is prepared, signed and verified by his attorney, and by mistake an erroneous statement is included therein, the court should before judgment, upon terms just and equitable to all parties, permit the litigant to withdraw that allegation.

2. Dismissal. A plaintiff may, as a matter of right, under section 430 of the code, dismiss his action without prejudice at any time before its final submission to the court.

3. Pleading: CROSS-PETITION: JUDGMENT. If a defendant desires an affirmative judgment against the plaintiff, he should state in his answer the ultimate facts to support his contention. If he fails to allege an essential fact, but it is pleaded by his adversary, an affirmative judgment in defendant's favor may be sustained by the pleadings.

4. Vendor and Purchaser: RECITALS IN DEED: NOTICE. The word "trustee" following the name of a grantee in a deed is notice that he may not be the owner of the real estate conveyed, and is sufficient to put those dealing with him concerning the property upon reasonable inquiry as to the existence and nature of the trust.

5. Mortgages: POWERS OF TRUSTEES: PRESUMPTIONS. The presumption ordinarily is that a trustee does not have authority to mortgage the trust estate, and mortgagees are bound to exercise reasonable diligence to ascertain whether that power exists.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Reversed with directions.*

*Baldrige & De Bord,* for appellant.

*Warren Switzler, contra.*

ROOT, J.

This is an action to foreclose two real estate mortgages. The district court foreclosed one, and canceled the other alleged lien. Plaintiff appeals from the judgment canceling his mortgage, and reference will be made solely to the record relating to that instrument.

The mortgage and note secured thereby were executed by "George B. Collier, Trustee," and he is identified in said instrument and in the acknowledgment thereto by the same title. The note is payable to the order of Harrison Snyder, but was given for the benefit of Harrison Snyder & Son, a partnership. George E. Snyder is the surviving member of said firm and sole legatee of the will of Harrison Snyder, now deceased. The pleader stated in the petition: "Plaintiffs show that at the time of the execution of said mortgage and note the maker of said note and said mortgage, George B. Collier, was acting as trustee for Hettie L. Collier, and held said property and executed said mortgage as such trustee." Before this action was instituted, Hettie L. Collier and the maker and the payee of said note had all departed this life. The suit was commenced in the name of the executors of the last will and testament of Harrison Snyder, deceased, but during the trial, by consent of all parties, George E. Snyder was substituted as plaintiff.

Francis J. Collier, the only defendant answering herein, is the surviving executor of the will and a son of Hettie L. Collier, deceased, and has apparent title to the mortgaged lots. Defendant pleads several defenses immaterial for an understanding of this opinion, and charges: "At

the time the note and mortgage is alleged to have been given, sued for in plaintiffs' second cause of action, the title and ownership of the real estate mentioned in plaintiffs' second cause of action was in Hettie L. Collier, now deceased, and the defendants deny that said George B. Collier, as trustee or otherwise, acted for or on behalf of the said Hettie L. Collier, or that she received any benefit from the said note and mortgage, and they deny that he had any authority to make said mortgage or to incumber said property with the same." Defendant asks that the mortgage be canceled, his title to said property quieted, and for equitable relief. The original reply is a general denial.

Over defendant's objections that the evidence was irrelevant and immaterial, plaintiff introduced copies of all of the files and the record made in proceedings prosecuted in the district court for Douglas county by the executor of Hettie L. Collier's will, for license to sell the mortgaged premises. The executor's deed and a conveyance from the purchaser to Francis J. Collier were likewise placed in evidence by plaintiff. During argument, plaintiff requested permission to file an amended and substituted petition, which omitted all reference to George B. Collier holding title to the mortgaged lots as trustee for his mother. Counsel for plaintiff made an affidavit that said allegation was inserted in the original petition by affiant after an examination of the records of Douglas county, and not because of any information furnished or instructions given by his client. Defendant objected, and was sustained, "for the reason that the testimony in the case has all been heard before the court, and part of the argument has been heard in the case," and that the amended pleadings would change the issue upon which the case was tried. Plaintiff then moved the court to dismiss without prejudice the second cause of action. The record discloses an extended discussion between counsel and the court, and that theretofore during the trial counsel had requested permission to file an amended reply

pleading that defendant is estopped from denying the validity of the mortgage. The court ruled that the second cause of action should be dismissed, but without prejudice to defendant's answer, which is referred to in this connection as a cross-bill. Thereupon plaintiff presented his amended reply, wherein he alleged that the executor of Hettie L. Collier's estate had sold said lots subject to said mortgage, and "denies that George B. Collier, trustee, at the time of giving said note and mortgage mentioned in second paragraph of said petition, was acting as trustee for Hettie L. Collier." The court denied plaintiff's request "because it is inconsistent with the petition on file," but subsequently struck out said denial and permitted the pleading to be filed.

1. Plaintiff contends that he should have been permitted to file the amended petition. Section 144 of the code authorizes amendments either before or after judgment in furtherance of justice, and the statute has always been liberally construed. The showing in the instant case is sufficient to bring plaintiff within the protection of the code, and he should have been permitted upon terms to file his amended petition.

2. Plaintiff argues that he had the right to dismiss the second cause of action, and that his pleading should not have been retained to support defendant's demand for affirmative relief. Section 430 of the code is imperative that a plaintiff, before the final submission of his case, may dismiss it without prejudice to a future action. The instant case had not been finally submitted when plaintiff made his request, and, had he at that time dismissed his second cause of action, the court would have been without jurisdiction to further consider it. *Grimes v. Chamberlain*, 27 Neb. 605. By requesting permission to dismiss, plaintiff merely observed that respect due the court, and it erred in not sustaining the application. *Beals, Torrey & Co. v. Western Union Telegraph Co.*, 53 Neb. 601; *Sharpless v. Giffen*, 47 Neb. 146; *Eden Musee Co. v. Yohe*, 37 Neb. 452; *Linton v. Cooper*, 75 Neb. 167.

3. Plaintiff contends that the answer is insufficient to support a decree canceling his mortgage. Defendant argues that the petition and the reply cure all defects in the answer. If the answer had been defensive solely, it would have followed the dismissal of plaintiff's case, but defendant asked for affirmative relief, and it was not within plaintiff's power by retreating to bar his adversary from a trial of the latter's counterclaim. Defendant did not ask relief against a codefendant, but pursued plaintiff, and therefore was not charged with the duty of filing a cross-bill; but the facts, to sustain an affirmative judgment in defendant's favor, should have been stated in his answer. Code, sec. 99; Maxwell, Pleading and Practice (4th ed.) pp. 152, 689. The actor in all suits not controlled by special statutes should allege in his pleading the ultimate facts upon which he demands affirmative relief; but, if he fails to state essential facts therein, the defect will be cured by an allegation thereof in his adversary's pleadings. The court will take into consideration all of the facts alleged in the various pleadings and render a judgment accordingly. The principle has generally been recognized in answer to assaults made upon pleadings in this court for the first time; but we would not reverse a case in equity for the sole reason that the district court had exercised that prerogative. In the instant case the allegations in the petition and answer, or those in the answer and reply, are sufficient to support a decree in defendant's favor. *American Exchange Nat. Bank v. Fockler,* 49 Neb. 713, cited by plaintiff, is not in point, because allegations necessary to sustain a judgment in the defendant's favor were not inserted in any or all of the pleadings.

4. The district court should have permitted plaintiff to deny in his reply that George B. Collier held title to the property as trustee for his mother. Subsequent to dismissing his second cause of action, plaintiff was not presenting the petition with respect to that cause to the court, and a denial in the amended reply of a trust re-

lation was not repugnant to nor inconsistent with the petition.

5. Counsel for plaintiff assert that defendant is estopped from denying the validity of the lien because he purchased the lots at judicial sale subject to the mortgage. Defendant contends that by pleading the estoppel plaintiff admits the invalidity of the mortgage. The law is well established that a grantee of real estate will not be permitted to question a lien deducted as part of his purchase price at either a private or a judicial sale. The mortgage is referred to in the application for license to sell, and the power given by the district judge conforms to the statute to sell subject to all liens; but we cannot say from the record before us that the lots were sold subject to the mortgage. Moreover, the lots were bid in by Reed as agent for the legatees named in Mrs. Collier's will, were conveyed by him to defendant as trustee for said legatees, and no consideration passed for either transfer. The evidence does not show that general creditors were prejudiced, or any person misled, or any advantage secured by the reference made in said proceedings to the Snyder mortgage. No error was committed in overruling the plea of estoppel. If no estoppel in fact exists, the plea in that regard is not a confession that the mortgage is invalid.

6. It has been suggested that we should permit amended pleadings to be filed in this court and render a judgment thereon; but we think the issues should be made up and the case first tried in the district court. Eliminating the elements of estoppel and confession from the case, the mind reverts to George B. Collier's title to the mortgaged premises and his authority to impress a lien thereon. Ordinarily a trust estate is created for administrative purposes, and he who deals therewith with notice of its character is bound in law to ascertain the trustee's authority with respect thereto. If a grantee receives title to real estate for the benefit of another, and next succeeding his name in the deed vesting him with title the

word "trustee" appears, all persons dealing with him concerning the land are charged with notice and placed upon reasonable inquiry concerning the nature of his title and the limits of his power. *Mercantile Nat. Bank v. Parsons,* 54 Minn. 56, 40 Am. St. Rep. 299; *Marbury v. Ehlen,* 72 Md. 206, 20 Am. St. Rep. 467; *Gaston v. American Exchange Nat. Bank,* 29 N. J. Eq. 98; *Union P. R. Co. v. Durant,* 95 U. S. 576; *Farmers Loan & Trust Co. v. Essex,* 66 Kan. 100, 71 Pac. 268. See, also, *Shaw v. Spencer,* 100 Mass 382, 1 Am. Rep. 115, 97 Am. Dec. 107; *Sternfels v. Watson,* 139 Fed. 505; *Geyser-Marion Gold-Mining Co. v. Stark,* 106 Fed. 558.

In *Stark v. Olsen,* 44 Neb. 646, cited by plaintiff, the trustee's powers were defined in the instrument creating the trust, so that all persons dealing with him had notice of and were bound by the limitations of his power. The cited case is not in point because George B. Collier was not vested with apparent title to the lots mortgaged by him. The word "trustee" is notice to all the world that he may have no more than a dry, naked, legal title. On the other hand, the word may be merely descriptive of an individual whose title is in fee simple. The evidence, independent of the allegation in the petition, does not prove that George B. Collier held the lots in trust, nor, conceding that he did, does it disclose the nature of that trust or the extent of his power. Ordinarily the legal presumption exists that a trustee has no power to sell or mortgage the trust estate. Prospective purchasers and mortgagees must therefore exercise reasonable diligence to ascertain whether the trustee has authority to sell or incumber the real estate. *Sternfels v. Watson, supra; Geyser-Marion Gold-Mining Co. v. Stark, supra; Jones v. Williams,* 24 Beav. (Eng.) 47, 62. The Nebraska cases cited by plaintiff do not sustain him. They refer to the official acts of trustees whose office was created by statute.

The judgment of the district court is reversed as to the second cause of action and the answer thereto, and the case is remanded, with directions to permit the litigants

to file amended pleadings. All costs in the district court up to and including April 8, 1908, are taxed absolutely to plaintiff.

JUDGMENT ACCORDINGLY.