EDWARD PERRY ET AL., APPELLEES, V. RICHARD RITZE ET AL., APPELLANTS.

FILED MAY 15, 1923. No. 22333.

1. **Specific Performance:** DEFENSES. Want of mutuality in respect to the remedy of specific performance in a suit by vendors of land to enforce the contract of purchase is not a defense, where they complied with, or tendered performance of, their contractual obligations.

2. **Vendor and Purchaser:** DESIGNATION OF GRANTEE AS TRUSTEE. The mere insertion of "trustee" after the name of grantee in a patent for land does not prevent the title from passing to the person named nor prevent him from transferring it to another, where a trust or a beneficiary is not disclosed.

3. **Homestead:** CONVEYANCE. Under the statute in force in 1870, a husband having title to a homestead could transfer it independently of his wife.

4. **Dower.** In 1870 an equitable interest in government land prior to the issuance of a patent was not a freehold estate or an estate of inheritance to which dower attached.

5. **Vendor and Purchaser:** DEEDS: CORRECTION OF ERRORS. In a chain of title to land, as shown by an abstract, mere errors in deeds, such as initials in names and variances in the spelling of names of the same persons, may be cured by affidavits showing the identity of grantors and grantees.

APPEAL from the district court for Wayne county: ANSON A. WELCH, JUDGE. *Affirmed.*

*A. R. Oleson,* for appellants.

*A. R. Davis* and *C. H. Hendrickson, contra.*

Heard before Morrissey, C. J., Rose, Dean, Aldrich, and Good, JJ., Begley, District Judge.

Rose, J.

This is a suit in equity to enforce specific performance of a contract to purchase real estate. The property consists, with improvements, of a quarter section and two 40-acre tracts of land near Wayne. Plaintiffs were vendors and defendants were vendees. The making of the contract July 28, 1920, is pleaded in the petition and admitted in the answer. The date fixed by the parties for performance was March 1, 1921. The purchase price was $80,000, of which defendants paid $11,000 in cash. Defendants agreed to assume a mortgage for $50,000, to pay $14,000 March 1, 1921, and to give plaintiffs a second mortgage on the land for $5,000, payable March 1, 1923. Plaintiffs were to furnish "a warranty deed, and a good, merchantable abstract of title, on or before March 1, 1921," and they pleaded a tender of both. Defendants resisted specific performance on the ground that the contract was void for want of mutuality, and they also pleaded plaintiffs' failure to furnish an abstract showing "a good and merchantable title," and prayed for a cancelation of the contract and for a judgment for that part of the purchase price paid in cash. The district court found the issues in favor of plaintiffs and ordered specific performance. Defendants have appealed.

Is want of mutuality a defense? It is argued that specific performance as a remedy was available to plaintiffs but not to defendants, and that therefore the mutuality essential to a valid contract was wanting. The plea is that plaintiffs were married, that the wives did not sign the contract of sale, and that consequently it could not have been specifically enforced in a contested suit by defendants. Both plaintiffs executed a warranty deed in which the wife of each joined as a grantor and this

was tendered by plaintiffs in performance of the contract in that respect. While the opinions on this subject are not harmonious in different jurisdictions, the rule in Nebraska is that want of mutuality in respect to the remedy of specific performance in a suit by vendors to enforce the contract of purchase is not a defense, where they complied with, or tendered performance of, their contractual obligations. *Bigler v. Baker,* 40 Neb. 325.

Did the warranty deed tendered by plaintiffs to defendants convey "a good and merchantable title?" One objection to the abstract is based on entries showing that the United States by patent dated July 1, 1871, conveyed to "Moses B. I. Goddard, trustee," 80 acres of the land in controversy, and that the latter executed a "special warranty deed" to Robert H. I. Goddard, a grantor in the chain of title. It is argued that the power of the trustee to make the transfer is not shown and that the interests of the beneficiaries of the trust may be outstanding estates. The position thus taken is untenable. The patent did not disclose a trust or the name of a beneficiary. The mere insertion of "trustee" after the name of the grantee did not prevent the title from passing to the person named nor prevent him from transferring it to another. *Farrell v. Reed,* 46 Neb. 258; *Cowell v. Springs Co.,* 100 U. S. 55. In the argument on this point reference is made to *Snyder v. Collier,* 85 Neb. 552, containing an expression to the effect that the word "trustee," following the name of grantee in a deed, "is sufficient to put those dealing with him concerning the property upon reasonable inquiry as to the existence and nature of the trust." There the person described as "trustee" acquired in that capacity title for the beneficiaries of an existing trust. In the present instance inquiry for 50 years would not have disclosed an unexecuted trust or a beneficiary with an outstanding interest under the patent. A statute passed since the decision in *Snyder v. Collier,* 85 Neb. 552, was rendered, and before the contract of sale in the present case was executed, makes conclusive the pre-

Perry v. Ritze.

sumption of the patentee's authority to transfer title. Comp. St. 1922, sec. 5659.

In the chain of title to a quarter section of the land in controversy objection is made to a deed executed by J. M. Searl, without anything to show that he was unmarried; William Stewart being named as grantee. In this connection defendants say the possibility that Searl had a wife with an outstanding interest makes the title unmarketable. The deed in question was executed October 11, 1870. At that time a husband having title to his homestead could transfer it independently of his wife. Referring to the homestead law then in force the following language was used in an early case:

"The legislature never intended, by this statute, to assume a guardianship over the owner of a homestead, and render him disqualified to make valid contracts respecting it. It imposes no restraint upon him whatever in this respect. Even the wife, when the title is in the husband, has no power to prevent him from making such disposition of it as he may think best." *Rector v. Rotton*, 3 Neb. 171.

This language was quoted with approval in *State Bank v. Carson*, 4 Neb. 498, and in *Schields v. Horbach*, 49 Neb. 262.

Assuming that Searl had a wife when he executed his conveyance October 11, 1870, she did not have a dower interest in the land, because he did not then have a freehold estate or an estate of inheritance to which dower could attach. The patent to this tract was issued to William Stewart, assignee of Searl, November 10, 1870, a month after Searl had transferred his equitable interest to Stewart. This interest was not affected by dower. *Norfolk Nat. Bank v. Wood, Bancroft & Co.*, 33 Neb. 113; *Hall v. Crabb*, 56 Neb. 392.

Other objections to the title are based on initials in names and on variances in the spelling of names in deeds. Minor errors of this kind are corrected by affidavits properly indentifying grantors and grantees.

There are still further criticisms relating to dormant judgments and to liens not properly satisfied of record. Some of the objections are met by the production of public records, others by judicial decrees, and the rest by affidavits. Upon a critical examination of all the objections to the abstract the conclusion is that it shows a good and merchantable title in plaintiffs. In addition, title by adverse possession is conclusively shown. It follows that defendants have no legal or equitable right to a rescission of the contract of purchase. Specific performance, therefore, was properly decreed.

AFFIRMED.