GEORGE MARODOLAC ET AL., APPELLANTS, V. FRED UHE ET
AL., APPELLEES.

FILED APRIL 16, 1925. No. 23024.

1. **Pleading:** AMENDMENT. An amendment to the petition may be
   properly permitted upon trial, if it does not substantially change
   the cause of action; but the amendment moved for in this case,
   made at the end of the testimony, would not only have com-
   pletely changed the original cause of action, but would have
   been subversive and destructive of the same, and was properly
   refused by the trial court.

2. **Homestead:** CONVEYANCE. A contract for the sale of a home-
   stead, signed by both husband and wife, but not acknowledged,
   if performed by the making and tender of a deed properly
   signed and acknowledged on settlement day, may be enforced,
   provided no renunciation of said contract has been declared by
   either party, and that at the time of such tender the purchaser
   makes no objection because the contract is not acknowledged.

APPEAL from the district court for Sarpy county: JAMES
T. BEGLEY, JUDGE. *Affirmed.*

*George H. Merten* and *William McDonnell,* for appellants.

*E. S. Nickerson* and *H. A. Collins, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD and EVANS,
JJ., REDICK and SHEPHERD, District Judges.

SHEPHERD, District Judge.

This was a suit to recover $3,000 paid by plaintiffs on a
purchase by them of an eighty in Sarpy county, on the the-
ory that the contract of purchase and sale was breached
by the defendants. The defendants, who were man and
wife, alleged in their answer that plaintiffs themselves
breached the contract of purchase and refused to take the
land, thereby damaging them in the sum of $5,000, for
which they prayed judgment.

The case was tried to a jury and the trial resulted in a
verdict and judgment for the appellees (defendants) in the
sum of $543.16. The plaintiffs appealed, assigning as error

Marodolac v. Uhe.

on the part of the trial court the overruling of their motion at the conclusion of the evidence to allow them to amend their petition by alleging as an additional cause of action that the said contract was for the sale of defendants' homestead, was not acknowledged, and was consequently void; also the giving of instructions Nos. 6 and 7, and various rulings of the court.

The contract was in writing, made and signed by all of the parties on the 8th day of September, 1920. It provided that plaintiffs purchased for the sum of $27,650; that they should pay $3,000 down, and $14,650 on the 1st day of March, 1921, when the deed was to be delivered; and that they should assume $10,000 of mortgages then on the place. But it was not then acknowledged, though defendants did acknowledge it on said 1st day of March, and tendered it, together with an unimpeachable deed, on that day.

The district court was right in refusing to permit the amendment, for two sufficient reasons: First, the amendment desired would have been in conflict with the cause of action originally alleged. The proof to support it would have disproved the allegations of said original cause, which was based upon the contract, and an alleged breach of the same by the defendants. By the statute (section 8656, Comp. St. 1922), amendment may be permitted if it does not substantially change the cause, but the amendment proposed would not only have been a substantial change of such cause, but would have been subversive and destructive of it. Such amendment is not to be allowed. *Western Cornice & Mfg. Works v. Meyer*, 55 Neb. 440; *Johnson v. American Smelting & Refining Co.*, 80 Neb. 256; *Westover v. Hoover*, 94 Neb. 596. Authorities might be multiplied upon this point.

In the second place, the defendants tendered a deed, which was duly signed and acknowledged by both husband and wife, upon the day set for delivery. The statute was not intended to protect purchasers, nor to furnish them technical defenses. *Farmers Investment Co. v. O'Brien*, 109 Neb. 19; *Bigler v. Baker*, 40 Neb. 325; *Perry v. Ritze*, 110 Neb.

286; *Lennartz v. Montgomery,* 138 Minn. 170; *Epperly v. Ferguson,* 118 Ia. 47; *Smith v. Kibbe,* 104 Kan. 159.

Space does not permit an extended statement of the pleadings and evidence, both of which are voluminous. It appears by the record, however, that defendants not only pleaded, but proved sufficiently to support the verdict, that they were in full compliance with the terms of the contract on March 1, 1921; that it was plaintiffs, and not they, who failed and refused to perform; that thereby they suffered damages—largely because the land had declined in value—to the extent of the $3,000 paid down, plus the amount awarded in the verdict. Consequently, unless there was an error committed upon trial, the verdict and judgment must stand.

Instruction No. 6, which is challenged by the appellants, is not a misstatement of the law, nor could it have been misleading to the jury. It was to the effect that the defendants had, by their sale to Beier (such a sale was made in September), elected to treat the contract as broken and rescinded. In so stating, the court did not settle the question as to who broke it, or say or intimate that the breach was by the plaintiffs. It only said that the defendants had elected to so consider. The instruction does not pretend to determine the right of defendants to so assume and consider, but only to state their theory and to settle the matter of their remedy. This being the case, and we hold that the conclusion is not to be gainsaid in reason, the objection to instruction No. 7 is likewise without good ground.

The case was tried upon the theory that defendants had elected their only ground of defense and recovery, namely, that the plaintiffs had breached the sale, and that unless they proceeded by action for damages upon breach, and proved damages in excess of the $3,000 received, the recovery had to be in favor of plaintiffs. It is true that defendants also offered specific performance in their pleadings. That might have been eliminated by timely motion, but plaintiffs' motion came too late when made upon trial. The reason is that they had joined issue in their reply to defend-

ants' answer and cross-petition which stated a case of damages. In any event, the ruling of the court upon said motion could be no more than harmless error. *Vernon v. Union Life Ins. Co.*, 58 Neb. 494. And, in any event, the remedy of damages was the only one that remained to defendants.

It remains to be said that there was abundant testimony to show that the parties agreed, on and after the time of entering into the contract, that certain taxes and a mortgage of $5,000 on the land would be discharged on settlement day out of the $14,650 then to be paid by the plaintiffs. Plaintiffs denied this and testified to the contrary, basing their refusal to perform upon the proposition that said taxes and mortgages were not paid, and shown to be paid on the abstract. This was the question of fact to be decided by the jury. It was properly submitted by the court and the verdict upon the evidence seems fair.

The objections of the plaintiffs to certain specific rulings of the court upon trial are disposed of in our determination of the questions above considered, and the judgment of the district court must be, and is,

AFFIRMED.